PATRICK CONLON *vs.* EASTERN RAILROAD COMPANY.

Suffolk.   March 14, 15. — June 20, 1883.   DEVENS & W. ALLEN, JJ.,
absent.   HOLMES, J., did not sit.

A railroad corporation made a contract with a person to build a culvert under a highway alongside of its railroad. By the terms of the contract, the corporation furnished a derrick for use in the work. The derrick, while in use in the highway, fell, in consequence of the parting of a guy, which was old and obviously defective when the derrick was delivered by the corporation to the contractor. By the fall, the plaintiff, who was not a .servant of the corporation or of the contractor, was injured. *Held,* that these facts would warrant the jury in returning a verdict for the plaintiff against the corporation.

TORT for personal injuries. Answer, a general denial. Trial in this court, before *W. Allen,* J., who reported the case for the determination of the full court, in substance as follows:

The plaintiff offered evidence tending to show the following facts: In October, 1878, one James Dean was under contract with the defendant to build, and was building, a culvert under Franklin Street, in the town of Malden, the defendant by one term of the contract, which was not in writing, agreeing to furnish, and in fact furnishing, a derrick and tools, and the necessary stone. Franklin Street crosses the defendant's railroad at a right angle, and the culvert was building over a watercourse that ran alongside of, and nearly parallel to, said railroad, and under the street. In the course of the work the plaintiff, who was in the employ of the town of Malden, was engaged in damming up said watercourse; and, while so engaged, was injured by the fall of the derrick so in use by Dean. The cause of the fall of the derrick was the parting of a guy, which guy was

old and worn, and obviously defective and unfit for use, and was so when delivered by the defendant to Dean. At the time of the accident, the derrick was erected on the north side of the railroad, on Franklin Street. The broken guy was replaced by a sound one furnished by the defendant.

Upon the conclusion of the plaintiff's testimony, the defendant contended that these facts, if proved, were not sufficient to sustain the plaintiff's case; and asked the judge to rule accordingly. The judge declined so to rule, and ruled that the evidence was sufficient. The defendant offered no testimony. The jury returned a verdict for the plaintiff, in the sum of $3150; and the defendant alleged exceptions.

*R. Olney & S. Butler*, for the defendant.

*L. M. Child & T. E. Barry*, for the plaintiff.

C. ALLEN, J. By the true construction of the report, the jury were warranted in finding that the defendant furnished the derrick, to be used, as it was actually used, in a particular work. In point of fact, it was unfit for use. The contractor, Dean, ought to have discovered its unfitness, but perhaps did not. However this may have been, the defendant would be responsible for the natural consequences of its use in the manner in which the defendant contemplated that it should be used. There is nothing to show that Dean used it otherwise than as the defendant expected that he would use it. The defendant is responsible for the consequences of what it intended to have done. Whether the injury to the plaintiff was a natural and probable consequence of the defendant's neglect, was for the jury.                        *Judgment on the verdict.*