F. OZIAS LEAVITT

*vs.*

BANGOR AND AROOSTOOK RAILROAD COMPANY.

Penobscot.          Opinion February 1, 1897.

*Negligence.     Master and Servant.     Remote Cause.*

It is the settled law in this state, that an employer is not liable for the negligent acts of a contractor, or his servants, where the contractor carries on an independent business, and in doing his work does not act under the direction and control of his employer, but determines for himself in what manner it shall be carried on; and that such employment does not create the relation of master and servant.

A fortiori, an employer is not responsible for the acts of a contractor, or his servants, that are not negligent.

The independent act of a third person that intervenes between the wrong complained of and the injury sustained, is a good test of remoteness of cause that forbids recovery.

The defendant contracted to have its wood, along the line of its railroad, sawed in lengths suitable for fuel at a stipulated price per cord; the contractor owned and used for the purpose three railroad cars; one for a living-car for his men, one for a tool-car and one for a cooking-car, in which a fire was kept for the purpose. To enable the contractor to do his work conveniently, the defendant placed these cars on one of its spur-tracks, about one hundred feet from the plaintiff's mill. *Held;* that this act of the defendant did not make it liable for the burning of the mill from fire kept by the contractor in his cooking-car.

There is a distinction between placing the car on the spur-track, and the act of using it with fire. The former is the act of the defendant; the latter, of the contractor, and for which the defendant is not to be held responsible.

ON MOTION BY DEFENDANT.

This was an action brought against the defendant corporation to recover damages for alleged negligence on its part in placing a cooking-car together with a sleeping-car on its spur-track, in the city of Old Town, in such close proximity to the mill of the plaintiff that a spark from a funnel in the cooking-car, as the plaintiff alleges, communicated fire to his, the plaintiff's mill, whereby and on account of which it was burned and consumed.

The first count in the plaintiff's declaration is as follows :—

In a plea of the case, for that the said plaintiff at Old Town in the county of Penobscot aforesaid, on the twelfth day of May, A. D. 1894, and long before said date, was the owner of a certain wooden building situate in said Old Town and used and occupied then and there by said plaintiff as a saw-mill, and also of two shingle-machines and one boiler and the engine in said building; and said defendant on said twelfth day of May, A. D. 1894, and long before and ever since said date, was and has been a public corporation doing and carrying on the business of a common carrier of persons and freight and personal property, and was then and there possessed of a certain railroad extending from the Maine Central Railroad Company's station in said Old Town northward past and near the aforesaid building through said Old Town to some point beyond the limits thereof, and was also then possessed, as a part of its railroad, of a siding or spur-track, near said mill and leading from the main line of its said railroad to said mill-building ; and said defendant on said twelfth day of May, A. D. 1894, and long before said date, was in full occupation of said railroad and of said spur-track, and running thereon locomotive engines and cars, and had the control, management and direction of said railroad and spur-track and of the engines and cars on the same ; and on the thirtieth day of April, A. D. 1894, and continuously thereafter until and including the said twelfth day of May, A. D. 1894, there was by the side of the main track of said railroad and in the near vicinity of said mill-building a large quantity of wood belonging to and owned by said defendant, which wood had been placed in said situation by said defendant and was by said defendant intended to be used by defendant as fuel in the operation of its said railroad ; and said defendant, on the first day of May, A. D. 1894, with the intention and for the purpose of having said wood sawed into shorter lengths and thereby fitted to be used by defendant for fuel in operating its said railroad as aforesaid, transported over its said line and brought to the place where said wood was as aforesaid placed, a crew of men who were to saw said wood and fit the same to be used by defend-

ant as aforesaid, and also certain cars, to wit, three cars of said defendant and then and there under the control and charge of said defendant said cars being then and there intended for use and occupation of said men while at work in sawing said wood as aforesaid, one of said cars being then and there fitted up and intended to be used as a cooking-car for the cooking of food for said men while so at work, and the other two of said cars being then and there fitted up and intended to be used, the one as a sleeping-car for said men and the other as a tool-car by said men while thus at work; and during the whole period from the first day of. May A. D. 1894, to the twelfth day of May, A. D. 1894, both days included, the said cars were used as cooking-car, a sleeping-car and a tool-car respectively by said men, and during the said whole period a fire was necessary in said cooking-car for the purpose of cooking food for said men and was each day during said whole period kindled and kept burning therein by reason of said necessity; and during each day of said whole period there was in the natural course of events a liability and danger that said fire thus kindled and kept burning in said cooking-car, would communicate fire to said mill-building; all of which said defendant then and there well knew.

And said defendant, well knowing all of the aforesaid facts, and the location of said mill-building and its situation relative to said spur-track, did nevertheless on the first day of May, A. D. 1894, although then and there having full control of moving said cars and of determining where the same should be stationed while they were used by said men as aforesaid, and although then and there having ability and opportunity to place said cars at such distance from said mill-building and in such location as would avoid any reasonable danger and liability of the setting or communicating of fire to said building from any fire in said cooking-car, negligently, carelessly, unnecessarily and against the wish and objection of said plaintiff, seasonably made known to defendant, place said car near to said mill-building upon the aforesaid spur-track and keep the same thereon during the whole period from said first day of May, A. D. 1894, to and including said twelfth day of May, A. D. 1894; and on said twelfth day of May, A. D. 1894, while said

cooking-car was standing on the said spur-track and near to said mill-building, to wit, at a distance of one hundred feet therefrom, a fire was as usual and for the purpose aforesaid kindled and kept burning in said cooking-car; and then and there, through and because of the aforesaid negligence, careless and unnecessary placing and keeping of said car near to said mill-building and upon said spur-track by said defendant the said mill-building was set on fire by and from a spark of fire which was then and there in the natural course of events and as was naturally to have been expected carried through the air from the aforesaid fire in said cooking-car towards and near said mill-building, and by reason of said mill-building being thus set on fire, said building was then and there totally consumed and destroyed, and said machines and boiler and engine were destroyed and rendered totally useless and valueless.

And plaintiff says that at the time and place of the aforesaid setting fire to said building, and before and after said time, he was in the exercise of due care and diligence, and that said setting fire to said building and the said destruction thereof of the said machines and engine and boiler were in no way his fault, nor attributable to any fault or defect in said building, or said machines, or said boiler or engine, but that the same were wholly caused by the fault and negligence of said defendant; all which facts the said defendant then and there well knew.

Plea, the general issue with the following brief statement:—

That on said first day of May, A. D. 1894, and for a long time prior thereto, one F. S. Marden was the owner of three cars, to wit, a cooking-car, a sleeping-car and a tool-car, being the same cars described in said plaintiff's declaration and fitted, used and kept by said Marden for the purpose of sawing and preparing cord wood for fuel and for boarding the men in his employ while engaged in said work; and that on and before said first day of May, the said defendant company having some wood along side of its main line in Old Town as described in plaintiff's writ, which it desired to have sawed into proper lengths for fuel, entered into a contract with said Marden whereby the said Marden agreed to saw said wood and to provide, at his own expense, all necessary power,

tools, appliances and labor therefor for the sum of forty-five cents per cord, which said.sum said defendant company agreed to pay said Marden; and the said Marden desiring to enter upon his said contract on the said first day of May, 1894, had his said three cars which were then and there under his, the said Marden's sole charge and control, and a crew of men then and there in his employ, brought to and set off on said spur-track near where said wood was as aforesaid placed. And thereupon said Marden by his own servants entered upon the work of sawing said wood as aforesaid and used his said three cars in connection with his said work for the purposes heretofore described and continued to use them as aforesaid until and after the twelfth day of May, 1894. And defendant company says, that during all said time, said cars and all stoves, tools and appliances therein were under the sole charge and control of said Marden and his servants; and that the said men employed in and about said cars were all employed by said Marden and were under his exclusive direction and control and that all the fires, if any, which were kindled and kept burning in the stove in the cooking-car as alleged in the plaintiff's writ were kindled and kept burning by said Marden and his servants as aforesaid and were under his and their care and control; and that said defendant company, its servants or agents, during all said time from said first day of May until said twelfth day of May inclusive, kindled no fire in the stove in said cooking-car or in the stoves in any of said cars, and directed and authorized no fire to be kindled therein as alleged in the plaintiff's writ.

At the close of the testimony the presiding justice made the following ruling:

The Court: I shall rule that the evidence in this case would not justify a finding that the defendant was in any way negligent in the watching and tending the fire in the car; and I shall ask the opinion of the jury, their advice upon two questions of fact: First, whether the fire that consumed the mill was set by fire from the cooking-car; and, second, whether the defendant company was guilty of negligence or carelessness in setting that cooking-car where they did; reserving all points for the plaintiff.

The jury returned a verdict of $2010.30 for the plaintiff, and the defendant filed a general motion for a new trial.

*P. H. Gillin and C. J. Hutchings*, for plaintiff.

The defendant corporation placed the car on the spur-track, and it alone could place it there.

The early case of *Bower* v. *Peate*, L. R. Q. B. Div. 1, 321, clearly points out the distinction between the case at bar and the point upon which the defendant relies. The defendant was held liable, in that case, on the ground that the thing did happen which he might have expected to happen, which from the surrounding circumstances was liable to happen; and as the work was being done for him, even though by an independent contractor through which the injury accrued to the plaintiff, yet he was not relieved from liability.

Where the right exists of placing this car in any position that the defendant deems proper and convenient for its own purpose, then the law may require the employer at his peril to see that due care is used to prevent harm, whatever the nature of his contract with those whom he employs. *Sturges* v. *Theolog. Education Soc.* 130 Mass. 414; *Stewart* v. *Putnam*, 127 Mass. 403, 407; *Gorham* v. *Gross*, 125 Mass. 232, 240; *Bower* v. *Peate*, 1 Q. B. D. 321, approved in *Dalton* v. *Angus*, 6 App. Cas. 740, 4 Q. B. D. 162, and 3 Q. B. D. 88; *Pickard* v. *Smith*, 10 C. B. (N. S.) 470; *Hole* v. *Sittingbourne, etc., Ry. Co.*, 6 H. & N. 488, 500; *Circleville* v. *Neuding*, 41 Ohio St. 465; *Woodman* v. *Metropolitan Railroad*, 149 Mass. 335; *Norwalk Gas Light Co.* v. *Borough of Norwalk*, 63 Conn. 495; Cooley, Torts, 2d Ed. 644.

Counsel also cited: *McCafferty* v. *S. D. & P. M. R. R. Co.*, 61 N. Y. 178; *Ellis* v. *The Sheffield Gas Consumers' Co.*, 2 E. & B. 767; *Koch* v. *Sachman-Phillips Inv. Co.*, 9 Wash. 405; *Garman* v. *S. & I. Ry. Co.*, 4 Ohio St. 399; *Burns* v. *K. C. & F. S. & M. Ry. Co.*, 129 Mo. 41; *Moore* v. *Sanborn*, 2 Mich. 519; *Engel* v. *Eureka Club*, 59 Hun, (N. Y.) 593; *Southern Ohio R. Co.* v. *Morey*, 47 Ohio St. 207, (7 L. R. A. 701); *Hughes* v. *C. & S. R. Co.*, 39 Ohio St. 461. Remoteness of cause: *Webb* v. *R. W. & O. R. R. Co.*, 49 N. Y. 420; *Woodman* v. *Met. R. R. Co.*,

149 Mass. 335 (340); *Sioux City etc., R. R. Co.* v. *Strout,* 17 Wall. 657; *Veazie* v. *P. R. R. Co.,* 49 Maine, 119, 123; *Conlon* v. *Eastern R. R. Co.,* 135 Mass. 195.

*F. H. Appleton and H. R. Chaplin,* for defendant.

Counsel argued:

(1.) That it was not, per se, negligence for defendant company to leave the cooking-car, in which it was expected that a fire might be or would be built, 140 feet from plaintiff's mill; and if not, per se, negligence, the defendant company is not liable in this action.

(2.) If the company was guilty of negligence in leaving the car under the circumstances, the contractor was also guilty of negligence in kindling a fire under the same circumstances.

(3.) That defendant company is not liable for the negligent acts of the contractor—especially when they are collateral to the contract.

(4.) That the negligent act was not directed by the company, but was done by the contractor of his own motion and volition.

(5.) That the defendant company had a legal right to assume that the contractor would exercise due care in what he did.

(6.) And that having such legal right to assume the exercise of due care it was not bound to foresee that he would not exercise due care.

Counsel cited: *Rood* v. *N. Y. and E. R. Co.,* 18 Barb. 80; Shear. & Red. on Negligence, 4–23; Wharton on Negligence, 25; *McCafferty* v. *S. D. & P. M. R. R. Co.,* 61 N. Y. 178; *Hofnagle* v. *N. Y. C., & H. R. R.,* 55 N. Y. 608; *Eaton* v. *E. & N. A. Ry.* 59 Maine, 520; *Ferguson* v. *Hubbell,* 97 N. Y. 507; *McCarthy* v. *2nd Parish,* 71 Maine, 318; *Callahan* v. *Burlington & Missouri River Railroad,* 23 Iowa, 562, (cited approvingly in *Eaton* v. *E. & N. A. Railroad*); *Gillson* v. *North Grey R. Co.,* 35 U. C. Q. B. 475; *Lannen* v. *Albany Gas Co.,* 44 N. Y. 459; *Pickard* v. *Smith,* 10 C. B. (N. S.) 470; Shear. & Red. on Negligence, 3d Ed. 15–84–175; *Hall* v. *Smith,* 2 Bing. 156; *Duncan* v. *Findlater,* 6 Cl. & F. 894; Ray on Imposed Duties (Personal) 665; 16 Am.

& Eng. Enc. of Law, 446, note 2; *Rich* v. *Basterfield*, 56 Eng. C. L. 782; *Lee* v. *McLaughlin*, 86 Maine, 410.

Proximate and remote cause: Bigelow Leading Cases in Torts, 698; *O'Brien* v. *McClinchy*, 68 Maine, 557; Shear. & Red. on Negligence, 26; *Milwaukee, etc., R. R. Co.* v. *Kellogg*, 94 U. S. 469; *Louisiana Mut. Ins. Co.* v. *Tweed*, 7 Wall. 44; *Lewis* v. *Flint etc. R. R. Co.*, 54 Mich. 55; *Washington* v. *Baltimore R. Co.*, 17 W. Va. 190; *Cuff* v. *Newark etc. R. Co.*, 35 N. J. L. 32; *Thomas* v. *Winchester*, 6 N. Y. 397; *Carter* v. *Town*, 103 Mass. 507; Bigelow's Leading Cases in Tort, 609; *Scheffer* v. *Washington etc. Railroad*, 105 U. S. 251; Cooley on Torts, 2d Ed. 73.

SITTING: WALTON, EMERY, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

HASKELL, J. This is an action of case, by the owner of a lumber mill, against a railroad company for burning the same by fire communicated from the premises of the company.

The first count charges the defendant with negligently maintaining a cooking-car, in which a fire was kept, on its premises so near to the plaintiff's mill as to endanger its safety, whereby the same was burned. In short, with maintaining a nuisance from which danger ensued.

The second count charges the defendant with negligence in the management of its fire so kept in the cooking-car, by reason whereof the plaintiff's mill was burned.

The jury found specially that plaintiff's mill was destroyed by fire communicated from the cooking-car, and that defendant was guilty of negligence in locating the same; whereupon they were instructed to assess damages for the plaintiff, which they did.

The case comes up on motion to set aside the verdict as against law.

The undisputed facts of the case material to the consideration here are, that the defendant contracted to have its wood, along the line of its railroad, sawed in lengths suitable for fuel at a stipulated price per cord; that the contractor owned and used for the purpose

three railroad cars ; one for a living-car for the men, one for a tool-car and one for a cooking-car in which a fire was kept for the purpose.

To enable the contractor to conveniently do his work, the defendant placed these cars on one of its spur-tracks, some seventy-five or one hundred feet from plaintiff's mill; and the question is, did this act make the defendant liable for the burning of the same from fire maintained by the contractor in the cooking-car?

It is settled, in this state, that an employer is not liable for the negligent acts of a contractor, or his servants, where the contractor "carries on an independent business, and in doing his work does not act under the direction and control of his employer, but determines for himself in what manner it shall be carried on;" and that such employment "does not create the relation of master and servant;" a fortiori, the employer cannot be responsible for acts of the contractor, or his servants, that are not negligent. *McCarthy* v. *Second Parish*, 71 Maine, 318. In that case the authorities are examined and considered, and need not be reviewed here. The facts of this case come within the doctrine of that case. The contractor here was carrying on an independent business, and was in no sense the servant of the defendant company.

But it is argued that the mischief of which the plaintiff complains was not the negligent act of the contractor or his servants, but the direct result from using, carefully if you please, an appliance located by defendant; that the proxima causa was the location of the car, the use of which naturally would and did cause the damage.

But the act of locating the car, and of using it with fire, must be distinguished. The former was the act of the defendant. The latter, of the contractor. The car itself was harmless, and its location, when unused, threatened no injury to plaintiff. The use might create mischief. The thing unused was harmless.

The doctrine of *Burbank* v. *Bethel Steam Mill*, 75 Maine, 373, applies. There it was contended that the location of a steam engine, for propelling a mill in violation of statute regulations made a nuisance of it per se, whereby the plaintiff might recover

damages for the burning of his buildings from fire used to make steam for the engine; but the court held that he could not, that the engine itself where located did not become a nuisance per se, but that its negligent use might create liability.

So in this case. Here, cars themselves were not objectionable. It was the use that might make them so, and the use was the act of the owner, not of the defendant. Fire in the cooking-car might be dangerous at some times and unobjectionable at others. If the wind be strong and blowing towards inflammable property, it might be gross carelessness, with the short funnel as a chimney, to burn shavings, shingles and other light and highly inflammable fuel that sends out with the draft, sparks, coals, and pieces of wood on fire, while it might be prudent to have a fire of hard coal that would not emit matter in the process of combustion. In such case everything would depend upon conditions. The height and size of the chimney, the strength of the draft, the kind of fuel, the weather, wind and care given to the fire. These conditions are all elements of the use, and the use is the creature of the tenant, not of the land-owner, who does not control the use.

True, there might be cases where the land-owner would be liable if the use was contrived by him for the purpose of mischief, with intent of avoiding liability; but there is no element of that sort here. The car was located without intent to injure. The liability for its imprudent use then rested upon its owner, who was tenant. There is no principle of law that can be invoked to charge the defendant. It did not create or maintain a nuisance, nor a condition that directly caused the mischief. That was perhaps caused from the misuse, by another, of the conditions created by defendant, for whose acts defendant is in no way responsible.

*Lee* v. *McLaughlin*, 86 Maine, 410, sustains the doctrine of this case. There, the owner of a building in possession of a tenant was held not liable for injury caused by a snow slide into the street. The building was not a nuisance per se. The accumulated snow upon the roof might make it so, and that was the fault of the tenant. See also, *Eaton* v. *Railway*, 59 Maine, 520; *Tibbetts* v. *Railway*, 62 Maine, 437.

*Veazie* v. *Railroad*, 49 Maine, 119, does not conflict with this doctrine. There, a highway was made dangerous by the work of contractors, and the employer was held liable. Any obstruction of a highway is a nuisance per se. *Corthell* v. *Holmes*, 88 Maine, 376 ; *Penley* v. *Auburn*, 85 Maine, 278. No private person or corporation has a right to interfere with a highway, and can only do so by authority from the legislature ; and then, as the authority is personal, the act, by whomsoever done, remains personal. The act of a contractor, being unauthorized except from the legal privilege of his employer, logically becomes the act of the latter, permitted by law in derogation of the public right. That is the doctrine of *Veazie* v. *Railroad,* supra, and is not applicable here. Nor is *Southern Ohio Railroad Co.* v. *Morey*, 47 Ohio St. 207, where the plaintiff, by contractors, dug a ditch across a street, and left the same unguarded, into which a traveler fell and was injured. Nor is *Circleville* v. *Neuding*, 41 Ohio St. 465, where the city itself was held liable to a traveler for the negligence of its contractor in sinking a reservoir in a street. The opinion cites numerous cases holding the doctrine of *Veazie* v. *Railroad*, supra.

The doctrine of *Norwalk Gaslight Co.* v. *Norwalk*, 63 Conn. 528, is well stated in the opinion. "It is a sound rule of law as of morals, that when, in the natural course of things, injurious consequences will arise to another from an act which I cause to be done, unless means are adopted by which such consequences may be prevented, I am bound, so far as it lies in my power, to see to the doing of that which is necessary to prevent the mischief. Failure to do so would be culpable negligence on my part." *Bower* v. *Peate* L. R. 1 Q. B. Div. 321. Certainly, there the blasting by dynamite in digging sewers caused the injury complained of to plaintiff's gas pipes. The blasting was contracted to be done, and was done, as the very act of the employer, and as the court says, was "intrinsically dangerous." The act complained of in the case at bar was locating a car upon the employer's land, an act not dangerous to any one. Its use might, or might not be. A dangerous use was not contracted for. Had it been, it might have come within the doctrine of the above case. The same

doctrine was applied in *Gorham* v. *Gross*, 125 Mass. 232. Defendant contracted to have a retaining wall built against his neighbor, and it fell, causing damage to the neighbor. Of course defendant was liable. The same doctrine was applied in *Sturges* v. *Educational Society*, 130 Mass. 414.

*Woodman* v. *Railroad*, 149 Mass. 335, cites with approval *Veazie* v. *Railroad*, supra, and confirms the same doctrine. *Conlon* v. *Railroad*, 135 Mass. 195, applies the same principle. *Ellis* v. *Sheffield*, 2 E. & B. 767, is cited. It charmingly states the doctrine of the above case : "If the contractor does the thing which he is employed to do, the employer is responsible for that thing, as if he did it himself." These are all the authorities cited by plaintiff that require notice.

Among the many cases cited by the defendant, the principle governing the present case was applied in *Rich* v. *Basterfield*, 4 C. B. 783. There, the owner of land built a chimney upon it, and leased the land. The tenant lighted a fire from the smoke of which the plaintiff was injured. There, as here, it was contended that the owner, having provided the appliances for a fire, impliedly authorized the lighting of the fire. But it was held otherwise, and that the damage resulted from the act of the tenant, and that the owner was not liable, although he enabled the tenant to make fires if he pleased.

The independent act of a third person that intervenes between the wrong complained of and the injury sustained is a good test of remoteness that forbids recovery. *Cuff* v. *Railroad*, 35 N. J. Law, and cases cited. Where the fire is negligently set by the owner, or his servant, the liability attaches. *Webb* v. *Railroad*, 49 N. Y. 420. But if set by a contractor, it does not attach. *Ferguson* v. *Hubbell*, 97 N. Y. 507.

*Motion sustained.*