ELSIE A. WILBUR *vs.* WILLARD I. WHITE.

Androscoggin.    Opinion December 2, 1903.

*Master and Servant,* Liabilities for injuries to third persons.    *Negligence.*
*Independent Contractor.*

1.  The relation of master and servant does not exist between the owner of land and a contractor, over whom he has no direction or control, whom he employs to move a certain building without designating the route, the contractor to furnish all the needed means, labor and appliances therefor, for a specified price; their relation is that of employer and contractor, and the land owner is therefore not liable for damages resulting to a third person from the sinking by such contractor of a post or deadman in the highway with a chain and hook attached, used in such removal of the building and left in the highway.

2.  The general rule in such cases is that the sub-contractor alone is responsible.

3.  Where one employs another to do an act unlawful in itself, he will be liable for an injury caused by such act.  *Held;* that the moving of the building in this case and which had been removed and was no longer in the highway did not cause the plaintiff's injury, but that the contractor's negligence in leaving the chain and hook in the highway after the removal of the building was the proximate cause of the injury.

On report.    Judgment for defendant.

This was an action on the case wherein the plaintiff alleged, in substance, that the defendant without any authority, license or permission sunk a piece of timber known as a deadman, to which was attached an iron chain and a large iron hook, in the wrought and traveled part of Knapp Street in the town of East Livermore.

The hook and chain attached to the deadman extended from the timber and lay upon the surface of the ground in the street, and the deadman and chain were wrongfully, negligently and without license therefor suffered by the defendant to remain in the street for a long period of time.    While traveling on the street the wheel of the plaintiff's carriage was caught by the hook of said chain, thereby

breaking and overturning the wagon and throwing out and injuring the plaintiff.

*G. E. McCann and A. L. Kavanagh,* for plaintiff.

The plaintiff does not rest her claim to recover solely upon the negligence of the defendant, or his sub-contractor, but upon the unlawful acts of the defendant as principal contractor in moving this building through said public highway, or causing it to be done, and as a direct result thereof causing a public nuisance to be created in said public highway, from which she has, while in the exercise of due care, suffered special damages; also upon the further ground that the thing which the defendant contracted with Clarry to do (move a building through the public highways) was intrinsically dangerous, and that the defendant is therefore liable to respond in damages notwithstanding the intervention of an independent sub-contractor.

It must have been understood by the defendant when he contracted with Clarry, and when he sub-contracted with Walker, that this building was to be moved in the usual way through the public highways of the town of East Livermore.

This large hook attached to the timber in the manner in which it was, and lying in the wrought and traveled part of the public highway, created a most dangerous defect or obstruction therein and consequently was a public nuisance.

Highways are laid out and constructed for the purpose of public travel and not to move buildings through or over. The use of the public highways for that purpose is wrongful. No permit was obtained nor asked from the municipal officers of East Livermore. Such a permit would have been no protection had it been obtained, as the municipal officers of a town have no authority to grant a permit for public highways to be used for such a purpose. *Leavitt* v. *Railroad Co.,* 89 Maine, 519.

Defendant under the circumstances disclosed in this case is liable, notwithstanding the intervention of Walker as an independent or sub-contractor. *Congreve* v. *Smith,* 18 N. Y. 79; *Creed* v. *Hartman,* 29 N. Y. 591; *Chicago* v. *Robbins,* 2 Black (U. S.) 426; *Dygert* v. *Schenck,* 23 Wendell, 446; *Coupland* v. *Hardingham,* 3 Camp. 398;

*Woodman* v. *Railroad Co.*, 149 Mass. 335; *Veazie* v. *Railroad Co.*, 49 Maine, 119; *Railroad Co.* v. *Morey*, 47 Ohio, 207; *Lowell* v. *Railroad Co.*, 23 Pick. 24; *Conners* v. *Hennessey*, 112 Mass. 96; *Joliet* v. *Harwood*, 86 Ill. 110.

*G. D. Bisbee, R. T. Parker; J. H. Maxwell*, for defendant.

Every person has by law the right to a reasonable use of the highway, to go on foot, with a team or even to move a building. It is the manner that he exercises this right that determines his liability. *Judd* v. *Fargo*, 107 Mass. 263; *O'Linda* v. *Lothrop*, 21 Pick. p. 297, 14 L. R. A. p. 560, note. Stones, brick, lime, sand and other material for building may be placed in the street provided it is done in the most convenient manner. *Chicago* v. *Robbins*, 67 U. S. 2 Black, 418, 17 L. ed. 268; *Com.* v. *Passmore*, 1 Serg. & R. 217.

The street may be used to move buildings through. No license is required from the selectmen before moving the building. Even if required, the procuring of the license was a detail of the moving which it was the duty of the sub-contractor to attend to. If a license had been given to sink the deadman, it would not have protected Walker in leaving it in the street. The want of such a license in no way contributed to the injury.

There is no allegation that the defendant contracted with Walker to move a building through the streets, or that he knew that Walker was to use deadmen or knew of Walker's negligence in leaving the deadman and chain in the street.

The plaintiff's declaration is simply that the defendant himself wrongfully placed a deadman and chain in the street and left it there. And he must prove his case as alleged. There is not a particle of proof to sustain the allegations of the declaration. Our court has said: "The declaration must contain all the allegations necessary to make out the plaintiff's case. In this State the general rules of pleading are simple and must be adhered to." *Bennett* v. *Davis*, 62 Maine, 545; *Shorey* v. *Chandler*, 80 Maine, 411; *Coolbroth* v. *Maine Central R. R. Co.*, 77 Maine, 165.

SITTING: WISWELL, C. J. EMERY, WHITEHOUSE, STROUT, POWERS, JJ.

STROUT, J.   Clarry made a contract with this defendant to move a building from one site to another, and after its removal to put in a basement and make repairs upon the outside.   The means and appliances for the removal, and the route over which the building was to pass were not mentioned in the contract, but were left wholly to the defendant.   The defendant before doing anything under his contract made a contract with Walker, by which Walker was to remove the building to the new site, for an agreed lump sum.   As in the first contract, the means, appliances and route were left wholly to Walker, who was to furnish all needed materials and labor, this defendant making no suggestion to nor exercising any control over Walker in any matter connected with the removal.   The method adopted by Walker was to sink in the highway a stick of timber, called a deadman, and attach to that a chain with a large hook to which was connected a tackle and fall, which, operated by horse power, drew the building along.   Walker completed his contract and placed the building on its new site, and was paid by the defendant the contract sum.   Clarry paid White the sum he had agreed to pay.   The deadman was sunk to the level of the way and in the traveled part, but the chain and hook were above the ground, and were left there by Walker or his servants after the removal of the building had been fully accomplished.

The plaintiff was driving on the way, and apparently the hook upon the chain caught in the wheel of her carriage, and she was thrown out and injured.   She claims that the defendant is responsible.

The relation of master and servant did not exist between the defendant and Walker.   The latter was an independent contractor, performing his contract in his own manner, and supplying all appliances, and was in no manner under the control or dictation of the defendant.   The general rule in such cases is that responsibility for the negligence of such contractor rests upon him alone.   *Leavitt* v. *B. & A. R. R. Co.*, 89 Maine, 509, 36 L. R. A. 382.

This is conceded by the plaintiff.

But to the rule there are certain exceptions, one of which is, when a party is discharging a public duty he cannot be freed from his obligation to protect the public by subletting the work. *Lowell* v. *B. & L. R. R. Corp.*, 23 Pick. 24, 34 Am. Dec. 33. Another exception is where one employs another to do an act unlawful in itself, he will be liable for an injury such act may occasion. *Ellis* v. *Sheffield Gas Consumers' Co.*, 2 El. & Bl. 767. Plaintiff claims that this case falls within this exception. The act to be done was the removal of the building from one place to another,—a perfectly legal act. It could be performed without violating any provision of law. The contract did not call for any such violation, nor did it call for the removal over the highway. But even if that was the route anticipated by the parties, as likely to be adopted, it would not necessarily follow that a common nuisance would thereby be created. The size of the building, the width of the way, amount of travel over it, the expedition of the removal, and appliances and motive power employed, were all factors in the determination of that question. The case throws no light upon these.

But the conclusive answer to the plaintiff's claim is, that the moving of the building over the highway was not the proximate cause of plaintiff's injury. The moving had been completed, the building was on its new site, and whether while in the removal it was a nuisance or not, it had been removed before the accident, and was in no sense its proximate cause. Walker or his servants negligently left the chain and hook in the way, after the removal had been fully accomplished, and the hook caused the injury, not the building in the way, or its passage over it. This defendant had nothing to do with placing or leaving the chain and hook in the way, nor was it his negligence or that of his servant in allowing it to remain.

We perceive no principle of law which makes this defendant liable.

A full and exhaustive discussion of the law on this subject may be found in *Hilliard* v. *Richardson*, 3 Gray 349, 63 Am. Dec. 743; *Burbank* v. *Bethel Steam Mill Co.*, 75 Maine, 373, 46 Am. Rep. 400; *Chicago* v. *Robbins*, 2 Black, 418.

*Judgment for defendant.*