JOYIME LEVESQUE

*vs.*

FRASER PAPER LIMITED

Aroostook.   Opinion, March 26, 1963

*Rudolph T. Pelletier,* for Plaintiff.

*Scott Brown,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

MARDEN, J.   On appeal by the plaintiff from summary judgment for defendant based upon complaint, answer, interrogatories to defendant and answers thereto, pre-trial order and motion therefor under Rule 56 M. R. C. P.

The pleadings, interrogatories, replies, and stipulations in the pre-trial order established the basis of the trial court's consideration, and for the purpose of testing the validity of the summary judgment we accept as true the following allegations in the record:

The plaintiff was an employee of Consolidated Constructors, Inc., hereinafter designated as "Contractor," which company undertook for a sum certain to demolish a railroad loading shed belonging to the defendant.   This building was erected in 1927 and prior to the date of plaintiff's injury had been unused for "several weeks."   The roof had not been repaired since its construction, but had been inspected annually.   It would appear that the defendant may have relinquished to Contractor the custody, control and management of the building as early as March 10, 1959, but the date upon which the Contractor began work does not appear.   In the course of the demolition work on June 29, 1959, the plaintiff, at the direction of his employer, the Contractor, had occasion to mount the roof of the shed, which roof "gave way and collapsed" precipitating plaintiff into a fall of approximately 40 feet and resulting in his serious personal injury.

At the time of the plaintiff's injury the building was not being used in any way connected with the defendant's business, the defendant had no property located in said building and had no employees working in or about the building. The Contractor had complete control of the building relative to its demolition, supplied its own crew and determined the methods used to prosecute the work. We hereinafter treat the Contractor as an independent contractor.

Plaintiff complains in negligence "that the defendant failed to warn, inform, instruct and otherwise bring to the attention of the plaintiff the defective and dangerous condition of said roof, which it had knowledge of, or which in the exercise of due care it should have had knowledge of, or which in the exercise of due care it should have had knowledge of" (Complaint). The defendant does not admit "not informing, warning or otherwise bringing to the attention of the plaintiff the defective and dangerous conditions of the roof on said building" (Defendant's reply to interrogatories) but contends that it owed no such duty to the plaintiff, the plaintiff being an employee of an independent contractor engaged to demolish the building; and that as to the Contractor, it was independent and that "the defendant was under no obligation to do anything, except to pay" (Defendant's reply to interrogatories) Contractor for its services. It is noted that plaintiff does not allege that defendant failed to notify Contractor of the allegedly dangerous condition of the roof.

For our purposes we infer, as did the trial court, that the roof was in fact defective, and that defendant did not give either plaintiff or Contractor notice of such defect.

In passing it is to be noted also that the record does not disclose whether the defendant's shed here involved had reached a state of disrepair which might have exposed it to Section 25 of Chapter 141, R. S. as a nuisance or whether

the building was being razed for other business reasons. We proceed upon the assumption that the building was not a "nuisance."

Upon the above facts and respective contentions the trial court granted summary judgment for the defendant, which grant had to be predicated upon a determination by it that there was "no genuine issue as to any material fact" and that the defendant was entitled to judgment as a matter of law. Rule 56 (c) M. R. C. P.

The parties agree that whether or not there was a genuine issue as to any material fact depends upon the duty, if any, imposed by the legal relationships among the defendant-contractee, the Contractor, as an independent contractor, and the plaintiff as an employee of the independent contractor. The trial court determined that the defendant-contractee owed no duty to the independent contractor or the plaintiff-employee of the independent contractor to warn of any structural defects in the roof of the building subject to demolition. Absent such a duty, actual or constructive knowledge of such defect on the part of the defendant-contractee becomes of no moment.

In examining the validity of the summary judgment, our attention is attracted to two allegations by the plaintiff, first, that the plaintiff *had no knowledge of a defective and dangerous condition of the roof* and *could not have ascertained such condition in the exercise of due care,* of which allegations "the defendant has no knowledge or information sufficient to form a belief * * * and, therefore, denies" (Answer) and, second, that the defendant *had knowledge of* or *in the exercise of due care should have had knowledge of* the defective and dangerous condition of the roof, which allegation the defendant denies. These claims by plaintiff and these denials by defendant create issues. Whether or not these issues are material governs our approach to this appeal.

As to the first, the plaintiff pleads a defective condition of the roof which he, in the exercise of due care, could not have ascertained, which pleading, by definition, declares that there was a hidden or latent defect in the roof.

> "Latent" means hidden, concealed, dormant and that which does not appear on the face of a thing. *McDaniel* v. *Drilling Co.*, 343 S. W. (2nd) 416, 420, (Ark. 1961).

> A "latent danger" in a structure upon which work is to be performed, is one that is neither visible nor discoverable by ordinary inspection or test. *Paul* v. *Edison Corp.*, 155 N. Y. S. (2nd) 427, 436, (N. Y. 1956).

> A "latent defect" is one which is hidden from knowledge as well as from sight and one which could not be discovered by ordinary and reasonable care. *Garshon* v. *Aaron*, 71 N. E. (2nd) 799, 801 (Ill. 1947).

If the condition of the roof is of no significance with relation to defendant's duty, knowledge by the defendant of that condition is immaterial, but if there be present a condition which affects the defendant's duty, defendant's denial of such a condition creates a material issue.

As to the second, if, regardless of the facts, there be absence of duty on the defendant to warn plaintiff or Contractor of defects, actual or constructive knowledge on the part of the defendant is immaterial, but if there be present the actual or constructive knowledge by the defendant and that knowledge affects defendant's duty, the allegation by plaintiff of defendant's actual or constructive knowledge of a roof defect, and defendant's denial thereof, creates a material issue.

Summarizing at this point, the plaintiff pleads the existence of a building with a latent, defective and dangerous condition in its roof, of which defective and dangerous

condition the defendant had knowledge, or of which, in the exercise of due care, it should have had knowledge, being surrendered to an independent contractor for demolition, of which independent contractor the plaintiff was an employee, without notice to the Contractor or the plaintiff of such roof condition. Under this situation what duty, if any, did the defendant owe the Contractor and the plaintiff?

While a legal status peculiar to landowner-independent contractor relationship is recognized in Maine as shown by *Leavitt* v. *B. & A. Railroad Company,* 89 Me. 509, 36 A. 998; *Boardman* v. *Creighton,* 95 Me. 154, 49 A. 663; and *Wilbur* v. *White,* 98 Me. 191, 56 A. 657, no case has been called to our attention, nor do we find one, declaring the respective rights and obligations as among a landowner, an independent contractor and the independent contractor's employees.

In *Boardman* an employee of an independent contractor engaged in quarrying limerock for the defendant mine owner was killed by a fall of rock and in a complaint by the administratrix of the deceased against the mine owner alleging negligence on the part of the mine owner, a demurrer to the declaration was sustained on appeal because of absence of allegation that the quarry was unsafe when the plaintiff's independent contractor-employer took possession, out of which unsafety a duty on the part of the defendant owner might have arisen. The case implies that had there been an unsafe condition of the quarry when the quarry was turned over by owner-contractee to the plaintiff's independent contractor-employer a duty might have arisen on the part of the defendant owner in favor of the independent contractor or the decedent employee-plaintiff.

We then resort to text law and find that:

"Although one employs an independent contractor to do certain work, and although he thereby escapes liability for the negligence of such con-

tractor, he is nevertheless answerable for his own negligence. * * * if an injury is caused by his own negligence, * * * the employment of such contractor is no defense, notwithstanding the injury is occasioned to a person in the employ of such contractor. * * * In accordance with the familiar principle that every man who expressly or by implication invites others to come upon his premises assumes to all who accept the invitation the duty to warn them of any danger in coming, which he knows of or ought to know of, and of which they are not aware, if the owner negligently permits a defect to exist in his premises before a contractor commences his work, and a servant of the contractor * * * thereby receives an injury, it is obvious that the employment of the contractor is of no import in determining the owner's liability." 27 Am. Jur., Independent Contractors § 30, Pages 508, 509, 510.

" * * * where there is some hidden danger connected with the condition of the premises which the owner * * * having the work done knows or should know of, and of which the servants of the independent contractor * * * do not have actual or constructive notice, the owner * * * owes a duty to use reasonable care to protect the servants from the danger, and he will be liable for injuries sustained by a servant who has not been duly warned of the danger." 57 C. J. S., Master and Servant § 606, Page 378.

See also § 279 Shearman & Redfield on Negligence, Rev. Ed. Vol. II, and § 343 Restatement, Torts.

Cases on point are found in *Brown* v. *Trustees, Leland Stanford University*, 182 P. 316, 319 (under headnote 5) (Cal., District Court of Appeal, 1919) Owner's duty to notify contractor or employee; *Calvert* v. *The Light & Power Company*, 83 N. E. 184, 185 (Ill. 1907) Owner's duty to notify contractor or servants; *Gallo* v. *Leahy*, 8 N. E. (2nd) 782, 784 (headnote 1-4) (Mass. 1937) Own-

er's duty to notify workmen; *Williams* v. *United Men's Shop, Inc.,* 58 N. E. (2nd) 2, 3 (under headnote 1-3) (Mass. 1944) Owner's duty to notify employee; *Snodgrass* v. *Cohen,* 96 F. Supp. 292, 294 (headnote 1, 2) (*D. C.* 1951) Owner's duty to warn contractor or employees; *Florida Light & Power Company* v. *Robinson,* 68 So. (2nd) 406, 411 (headnote 2-5) 413 (under headnote 7) (Fla. 1953) Owner's duty to notify contractor; *Belliveau* v. *Greci,* 157 A. (2nd) 602, 603 under headnote 1) (Conn. 1960) Owner's duty to warn contractor; *Engle* v. *Reider,* 77 A. (2nd) 621, 624 (Pa. 1951) (under headnote 1) Owner's duty to warn contractor; *Stevens* v. *United Gas & Electric Company,* 60 A. 848, 853 (N. H. 1905) Owner's duty to warn employee; and *Wells* v. *The Coal Company,* 162 S. W. 821, 822 (Ky. 1914) (under headnote 2) Owner's duty to warn contractor and his servants; see also Annot. 44 A. L. R. 932.

We are conscious that the cases cited are not uniform in their declaration of the basis of the owner-contractee's duty to "warn" i.e. whether arising only out of actual knowledge of latent defects, or, as well out of constructive knowledge of latent defects.

It is our conclusion that there is a duty on the part of the owner-contractee to give notice of danger actually or constructively known by him to be latent in the premises being turned over to an independent contractor and that this duty extends to the independent contractor's employees.

The line of cases here used does not involve premises which, at the time of their surrender to the independent contractor, could be legally characterized as nuisances, or property affected by public uses, or property involving an unlawful operation, or property involving inherently dangerous work, as to which situations and the law applicable thereto, we are not here concerned.

A resolution of the issues before us requires us to go no further, but inasmuch as our conclusion will of necessity apply to the ultmate trial of this case it is considered appropriate to determine in what manner the duty which the law imposes on the owner-contractee may be fulfilled.

The series of cases last cited, bearing upon the establishment of the duty with which we are concerned, do not answer this question definitively. Text law states that:

> "Warning (of danger) to the superiors in employment of a person is warning to that person, the employment relation permitting a reasonable assumption that such notice will be communicated in the ordinary course to all employees in the work." Shearman & Redfield on Negligence, Rev. Ed. § 26, Page 66.

This statement is obviously grounded upon firmly established law that the employer has an affirmative duty to "warn and instruct" employees concerning the dangers of their work.

35 Am. Jur., Master and Servant, § 145

Shearman & Redfield on Negligence, Rev. Ed., § 213.

56 C. J. S., Master and Servant, § 287

Some cases on point are as follows:

*Storm* v. *New York Telephone Co.,* 200 N. E. 659 (N. Y. 1936); *Schwarz* v. *General Electric Realty Corporation,* 126 N. E. (2nd) 906 (Ohio 1955) (under headnote 1-3); *Valles* v. *People's Trust Company,* 13 A. (2nd) 19, 23 (Pa. 1940) (under headnote 7); *Grace* v. *Henry Disston & Sons, Inc.,* 85 A. (2nd) 118, 119 (Pa. 1952) (under headnote 1, 2); *Texas Service Co.* v. *Holt,* 249 S. W. (2nd) 662, 666 (Texas 1952) (under headnote 3); *Gulf Oil Corporation* v. *Bivins,* U. S. Court of Appeals, certiorari denied 81 S. Ct. 70, and Re-hearing denied 81 S. Ct. 231; 276 F. (2nd) 753, 758 (Texas 1960) (under headnote 8, 9); *Engle* v. *Reider,*

*supra.* These cases and their holdings as to adequacy of notice given only to the independent contractor or someone in charge of the operation on the independent contractor's behalf, reflect, as indeed we must, the realistic problem posed by the not uncommon turnover of help hired by the independent contractor, the varying numbers involved and the probable absence of normal communication between the owner and independent contractor's employees. As the court said in *Storm,* "to require the defendant (owner-contractee) to bring notice home to every employee * * * who might possible be involved on this job on penalty of otherwise failing in duty would result in imposing a standard of duty exceeding reasonable bounds."

We declare, therefore, that in this case, assuming a latent dangerous defect in the roof of the loading shed, of which defect the defendant had actual or constructive knowledge, and out of which defect and knowledge arose a duty on the part of the defendant to notify plaintiff or Contractor, such duty could be performed by giving notice of the danger actually or constructively known by it to be latent in the roof of the loading shed to the Contractor, or someone in charge of the operation on Contractor's behalf.

We must conclude that the alleged existence of a latent danger in the roof of the defendant's building, the presence of which is denied by defendant, and the declaration by the plaintiff of actual or constructive knowledge on the part of the defendant of the hidden danger, which knowledge the defendant denies, from which knowledge a duty on the part of the defendant to the plaintiff would be created, are both genuine issues of material facts, and it follows that the granting of summary judgment to the defendant was error.

*Appeal sustained.*