PER CURIAM.
The claimant, who was injured by scalding water from a hotel shower, brought *1299 this action against the hotel and Cuban American Steam Boiler Corporation. The hotel is not a party to this appeal. In the amended complaint against Cuban Ameri-can, it was alleged that the company had undertaken, on an annual basis, to inspect and test the boiler, temperature gauges, and mixture valves, and knowing of the propensity of the valves to malfunction, breached its duty to the hotel to recommend and advise that the heating and boiler system was antiquated and dangerous. Summary judgment was entered in favor of Cuban American on the undisputed basis that it had not installed the malfunctioning equipment in question. Nevertheless, the deposition testimony of the principal from Cuban American created viable issues regarding its duty to warn of the defective boiler. See Improved Benevolent & Protected Order of Elks of the World, Inc. v. Delano, 308 So.2d 615 (Fla. 3d DCA 1975); Barry v. Stevens Equip. Co., 176 Ga.App. 27, 335 S.E.2d 129 (1985); Levesque v. Fraser Paper Ltd., 159 Me. 131, 189 A.2d 375 (1963). Consequently, it was error to enter summary judgment for the company.
Accordingly, the order is reversed and remanded.