RALSTON PURINA COMPANY, Movant,

v.

Jeffrey D. FARLEY; R & W Construction Company, Inc.; and Condo Manufacturing Company, Respondents.

No. 88–SC–000065–DG.

Supreme Court of Kentucky.

Oct. 27, 1988.

Robert M. Connolly, David Houston Ward, Stites & Harbison, Louisville, for movant.

Cecil Davenport, C.A. Dudley Shanks, Fred Stair, Victor W. Ewen, Louisville, for respondents.

VANCE, Justice.

The question is whether a warning of a dangerous condition in the premises given by the occupier of the premises to an independent contractor absolves the occupier of the premises from liability to an employee of a subcontractor who sustained an injury by reason of that condition of the premises. We hold that it does. The appellant, Ralston Purina Company, the owner and occupier of a building, employed R & W Construction Company, Inc., an independent contractor, to construct an addition to the building. R & W Construction Company subcontracted with Condo Manufacturing Company to perform a portion of the work, including the installation of siding and ventilation louvers.

Appellee, Jeffrey D. Farley, was an employee of the subcontractor. Although the installation of the siding and louvers was generally performed by the use of scaffolding erected alongside the building, Condo employees decided to lift one of the louvers by standing on the roof.

Instead of proceeding directly onto the roof of the new addition in immediate proximity to the point of the louver installation, they elected to enter upon and proceed across the roof of the old building to reach the place where the louver was to be lifted. In doing so, they entered upon a portion of the old building which had a concrete roof, and proceeded to cross a guard rail onto another portion of the roof of the old building which had a transite composition roof. This transite material was 5/16 of an inch thick, supported by girders at intervals, but without any additional support between the girders. The thickness of the transite material was observable from the edges of the roof.

The transite roof was not sufficiently strong to support the weight of appellee Farley, and he was injured when he fell through a section of the roof between the girders.

It is not disputed that prior to the commencement of the work Ralston Purina Company warned its independent contractor, R & W Construction Company, that the transite roof was a weak system and that workers should use plywood and safety harnesses when attempting to cross it.

Appellee Farley contends that he did not know, and was not warned, that the transite was unsafe to walk upon.

The parties to this appeal are, seemingly, in agreement that the owner of premises is not responsible to an independent contractor for injury from defects or dangers which the contractor knows of, or ought to know of. But if the defect or danger is hidden or known to the owner, and neither known to the contractor, nor such as he ought to know, it is the duty of the owner to warn the contractor. See *Owens v. Clary*, 256 Ky. 44, 75 S.W.2d 536 (1934).

The trial judge directed a verdict for Ralston Purina on the ground that the roof through which Farley fell did not constitute a hidden defect, and therefore there was no duty to warn of the condition.

The Court of Appeals reversed, holding that the case should not have been taken from the jury. We reverse the decision of the Court of Appeals and direct that the judgment of the trial court be reinstated.

Ralston Purina's defense at trial and in the Court of Appeals was two-fold: First, that it owed no duty to warn because the roof did not constitute a hidden defect and, secondly, if any duty were owed it was discharged by timely warning to R & W Construction Company, the independent contractor. The trial court dismissed the complaint on the basis of the first contention and did not reach the second. The Court of Appeals reversed the judgment on the basis that the ruling of the trial court that there was no duty to warn was erroneous and further held that the question of the adequacy of the warning was a question for the jury.

We do not need to reach the issue of whether there was a duty to warn under the facts of this case because, assuming it had such a duty, it is abundantly clear that Ralston Purina discharged that duty.

It is not disputed that Ralston Purina warned its independent contractor that the transite roof was weak and that plywood and safety harnesses should be used when working upon it. This constituted a specific warning of a condition which might pose danger and a specific warning as to the safety precautions necessary. It cannot be said that this was not an adequate warning of the danger.

The only remaining question is whether an adequate warning to an independent contractor by the owner discharges the owner's duty to an employee of the independent contractor or a subcontractor. Farley contends that he did not know of the danger and that Ralston Purina owed him a duty to warn him of the danger.

Farley relies upon *Owens v. Clary*, 75 S.W.2d at 537, in which we stated:

"The owner of premises is not responsible to an independent contractor for injury from defects or dangers which the contractor knows of, or ought to know of. But if the defect or danger is hidden and known to the owner, and neither known to the contractor, nor such as he ought to know, it is the duty of the owner to warn the contractor, and if he does not do this he is liable for resultant injury. The same rule applies to the servants of the contractor, and to the subcontractor and his servants."

Farley interprets this to mean that when there is a duty to warn the contractor, the same rule applies as to the servants of the subcontractor, and to the subcontractor and his servants; therefore, a duty exists to warn each of them. *Owens v. Clary* involved an injury to an independent contractor, not to one of his employees or to the employee of a subcontractor. The language quoted is dictum as far as it related to the employees of independent contractors or subcontractors, and it is likewise susceptible to the interpretation that employees of a contractor or a subcontractor

may rely upon the rule that the owner of the premises had a duty to warn the contractor of a hidden defect.

In any event, *Owens v. Clary* was decided in 1934. In 1970 we decided *Hercules Powder Company v. Hicks*, Ky. 453 S.W.2d 583 (1970) in which we held:

"The responsible and supervisory employees of Wabassco knew of the problem and the danger. We do not perceive that Herbert's duty to warn, as urged by appellees, could extend to a requirement that he see to it that each and every employee of Wabassco should have individual warning and instruction."

*Id.* at 590.

The rule seems well established in other jurisdictions that notice or warning to a contractor is also notice to the employees of the contractor.

In *Schwarz v. General Electric Realty Corp.*, 163 Ohio St. 354, 126 N.E.2d 906 (1955), the court stated:

"Each employee of an independent contractor is under the immediate direction and supervision of his own employer, and for this reason courts take the position that, where the employer of the independent contractor is not in immediate control of the employment area and does not participate in the operation thereon, notice to the independent contractor of hazards within the employment area is notice to his employees, as such independent contractor has the duty to transmit such notice or warning to his individual employees. Under such rule, if notice of dangerous conditions is given to the independent contractor, the employer of the contractor has performed his duty so far as it applies to the employees of the contractor."

In *Levesque v. Fraser Paper Limited*, 159 Me. 131, 189 A.2d 375 (1963), the court confronted the duty of an owner to give warning of a defective roof to the employee of an independent contractor. It said:

"We declare, therefore, that in this case, assuming a latent dangerous defect in the roof of the loading shed, of which defect the defendant had actual or con-

structive knowledge, and out of which defect and knowledge arose a duty on the part of the defendant to notify plaintiff or Contractor, such duty could be performed by giving notice of the danger actually or constructively known by it to be latent in the roof of the loading shed to the Contractor, or someone in charge of the operation on Contractor's behalf."

In *Hunt v. Laclede Gas Co.*, 406 S.W.2d 33 (Mo.1966), the court held that notice to an independent contractor of a dangerous condition is notice to each of his employees, and if notice is given to the independent contractor of the dangerous condition, the employer has performed its duty. It cited the rule that warning to the superiors in employment of a person is warning to that person, the employment relationship permitting a reasonable assumption that such warning will be communicated in the ordinary course to all employees on the work, citing *Shearman and Redford on Negligence*, Vol. 1, p. 66, § 26.

New York and Texas have adopted the same rule. In *Delhi–Taylor Oil Corporation v. Henry*, 416 S.W.2d 390 (Tex.1967), the court stated:

"This holding brings us face to face with the question of whether an adequate warning to an independent contractor or one supervising his work will discharge the duty of the landowner or occupier to warn the employees of the independent contractor; and we hold it will.

. . . .

"While an owner owes a duty to employees of an independent contractor to take reasonable precautions to protect them from hidden dangers on the premises or to warn them thereof, an adequate warning to or full knowledge by the independent contractor of the dangers should and will be held to discharge the landowner's alternative duty to warn the employees.

. . . .

"On many projects there are a number of independent contractors, each employing scores of workmen. The identities of some of the workmen will change from day to day. To impose the duty on the owner or occupier of the premises to know and to warn every workman on the project of a dangerous condition would subject him to an impossible burden. Moreover, an independent contractor owes a duty to his employees to warn them of dangers on the premises where they are required to work which are known to him. This duty was recognized in *Reinle*. [*Galveston–Houston Elec. Ry. Co. v. Reinle*, 113 Tex. 456,] 258 S.W. 803, 805. [ (1924) ] The owner or occupier should not be required to foresee and anticipate that the contractor will not discharge his duty to his own employees, and there is no sound basis for requiring that the employees should be twice warned."

*Id.* at 393, 394. See also, *Storm v. New York Telephone Co.*, 270 N.Y. 103, 200 N.E. 659 (1936).

Public policy favors the rule we adopt here. It encourages the employment of contractors and subcontractors to do work requiring special skills. If the employment of an independent contractor with expertise in a particular field results in the imposition of liability upon the owner, the temptation will exist for the owner to accomplish the work with his own employees, even though they may lack the particular skills needed; because, in such case, workers' compensation would be the only remedy of the employee.

Appellee Farley seeks to make a distinction in that he was an employee of a subcontractor rather than the independent contractor. We fail to see how this distinction requires any different result as between Farley and Ralston Purina. The subcontractor had a contract with R & W Construction Company, not Ralston Purina. The policy considerations are the same.

The relationship between a contractor and a subcontractor premits a reasonable assumption that a warning to the contractor will in due course be given by the contractor to the subcontractor. It is equally important to encourage the contractor to use the services of a subcontractor for work requiring workers with a particular expertise rather than attempting to

perform the work with his own employees who may lack the particular expertise. In the case of subcontractors, the burden of warning each individual workman, because of their number and changing identities from day to day, is equally as great, if not greater.

The decision of the Court of Appeals is reversed with direction that the judgment of the trial court be reinstated.

STEPHENS, C.J., and GANT, LAMBERT, VANCE, STEPHENSON and WINTERSHEIMER, JJ., concur.

LEIBSON, J., dissents by separate opinion.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

Whether one is talking about the conduct of the plaintiff or defendant, the negligence principle expresses nothing more or less than the "universal duty" each of us owes to our fellow human beings to exercise reasonable care in the circumstances. *See Grayson Frat. Order of Eagles v. Claywell*, Ky., 736 S.W.2d 328 (1987); *Wemyss v. Coleman*, Ky., 729 S.W.2d 174 (1987).

As we stated in *Gas Service Co., Inc. v. City of London*, Ky., 687 S.W.2d 144, 148 (1985):

> "The concept of liability for negligence expresses a universal duty owed by all to all.... a standard of conduct that does not turn on and off depending on who is negligent."

Unfortunately, as we have done in several recent cases, here once again we abandon the negligence concept for artificial rulemaking, stating as a categorical imperative that "a warning of a dangerous condition in the premises given by the occupier of the premises to an independent contractor absolves the occupier of the premises from liability to an employee of a subcontractor." While this language may be reasonable as an abstraction, it is unreasonable as applied to the facts of this particular case. Here the evidence is that Lumens, Ralston Purina's project engineer, knew the roof was unsafe (he warned R &

W, telling them how to guard against the hidden danger) and he also knew that employees of a *different* company, Condo Manufacturing, were also using the roof to do their work without any warning.

Farley, the claimant, was not an employee of the contractor who was warned, but he was nevertheless a business invitee known to be working on the premises. The claimant's evidence supports the conclusion that Ralston Purina's supervisor knew Condo's employees were being exposed without warning to a hidden danger. It makes no sense to insulate Ralston Purina from this negligence.

The trial court did *not* decide this case on the basis there was no duty, but that there was no hidden defect. The Court of Appeals reversed because there was sufficient evidence on this point. We have omitted the principal question and turned the case in another direction.

*Owens v. Clary*, 256 Ky. 44, 75 S.W.2d 536 (1934) is squarely in point on the duty question and has never been overruled or superseded. As quoted in the Majority Opinion, *Owens* not only states the general rule of nonliability to an independent contractor, but states the specific exception which the claimant's evidence establishes as applicable here:

> "But if the defect or danger is hidden and known to the owner, and neither known to the contractor, nor such as he ought to know, it is the duty of the owner to warn the contractor, and if he does not do this he is liable for resultant injury. The *same rule applies* to the servants of the contractor, and to the *subcontractor and his servants.*" 75 S.W.2d at 537. Emphasis added.

We quoted the "reason for such rule," "that the law imposes upon every owner of premises the duty ... so that *anybody,* whether contractor, servant, or *invitee,* lawfully thereon, may not be *unduly exposed* to danger." *Id.* [Emphasis added]. Now, fifty-four years after *Owens v. Clary,* the majority on our Court rejects this fair and reasonable approach to the law of negligence. On the other hand, I

continue to believe that where there is fault there should be responsibility.

*Hercules Powder Company v. Hicks,* Ky., 453 S.W.2d 583 (1970) cited in the Majority Opinion is inapposite. It did not involve a hidden defect but the potential of exploding dynamite which was equally obvious to everyone. Here, the claimant's evidence was to the contrary, establishing a concealed dangerous condition, because of factors known to Ralston Purina and not to the claimant or his employer. The claimant's evidence was that the roofing material here involved, transite, is ordinarily safe to walk upon, but here, unknown to the claimant, it was in a weakened condition from chemical deterioration caused by toxic fumes within the building. If so, this was indeed a concealed, hidden defect calling for a warning to any unsuspecting invitee, including the subcontractor engaged in hanging the guttering. If Ralston Purina's supervisor knew Condo's employees were about to encounter this danger, and failed to warn, this was negligence.

Common sense leads one to inquire, if the unsafe condition of the roof was so obvious that no warning was necessary, why did Ralston Purina warn R & W of the danger and tell them how to avoid it? The so-called "independent contractor defense" is a sound application of negligence principles. However, the exception to this defense stated in *Owens v. Clary, supra,* is equally sound. We have chosen to recognize the rule and disregard the exception.

The Court of Appeals was correct in its decision to set aside the trial court's directed verdict in this case. We should affirm the Court of Appeals.