## B. A. KIPP CO. *v.* WALDON

[No. 17,607. Filed December 4, 1947.]

*Hartell F. Denmure,* of Aurora, for appellant.

*Charles A. Lowe,* of Lawrenceburg, and *Crawford A. Peters,* of Aurora, for appellee.

DRAPER, J.—The appellee brought this action against the appellant to recover for personal injuries and property damage sustained by him as the result of an automobile accident.

He alleged that appellant, by its agent, servant and employee, was operating and driving a truck loaded with lumber from Cincinnati, Ohio, to Aurora, Indiana; that near Lawrenceburg, Indiana, the appellant left the truck on the highway in the darkness of night without lights; and without putting out flares or otherwise warning other traffic; and as a result thereof the appellee collided with said truck and was injured and damaged.

Following a verdict for appellee, appellant filed its motion for new trial which asserted, among other things, the insufficiency of the evidence and the illegality of the verdict. The motion was overruled and this appeal followed.

We have carefully examined the evidence, and we are unable to find any that would either establish, or support an inference that the truck was owned or operated by the appellant or any of its agents, servants or employees. On the contrary, the evidence adduced by both sides establishes the fact that the truck was owned by Guthrie Express, an independent contractor engaged by the appellant to haul the lumber, and was operated and driven by the independent contractor's servant.

The evidence discloses that Guthrie Express had its office in Cincinnati, Ohio, where the contract between it and the appellant was made. It had neither a common carrier nor a contract carrier permit for the state of Indiana, and the appellee reasons

that since it was neither an authorized contract carrier nor common carrier, it must have been acting as the agent of appellant and not as an independent contractor; but we do not think that necessarily follows. Guthrie Express was clearly an independent contractor operating in Indiana without lawful authority.

The appellee also seeks to support the verdict on the ground that, even though Guthrie Express was an independent contractor, the "employer is liable for the misconduct of the contractor while the latter is engaged in performing work where the act to be performed is illegal under the law of the state where the wrong is committed." The appellant has not questioned the sufficiency of the complaint to support a recovery on that theory so we do not consider any such question here.

The general rule that one will not be liable for damages resulting from the wrongful acts or omissions of an independent contractor, or of the latter's servants, is subject to several exceptions; one of which is that it does not apply where the act to be performed is illegal. In this case the act to be performed, that is, the hauling of the lumber, was not of itself unlawful. The work could have been lawfully performed, and the contract itself did not call for or necessarily involve any violation of the law.

The evidence discloses, however, that the appellant contracted with Guthrie Express without knowing whether the latter had any permit; the truck bore no markings which would indicate issuance thereof; and the appellant made no effort to find out about it.

Assuming, without deciding, that this evidence is sufficient to show that appellant contracted with Guthrie

Express for the transportation of lumber in Indiana knowing that the latter had no permit, and that appellant thus contracted for the performance of an illegal act, it does not necessarily follow that appellant thereby became liable in this case, for the exception to the general rule above noted is itself subject to the limitation that the violation of a statute or ordinance raises no liabiliy for an injury to another, unless the injury was in some manner the result of such violation. In other words, to impose liability, the doing of the unlawful act must be a proximate cause of the injury. In this case the failure of Guthrie Express to have a permit was a condition and not a cause. It had no causal connection with appellee's injury and it was, therefore, not a direct or proximate cause thereof and will not sustain a recovery in this case. *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 106 N. E. 365; *Looney* v. *Prest-O-Lite Co.* (1917), 65 Ind. App. 617, 117 N. E. 678; *Wilbur* v. *White* (1903), 98 Me. 191, 56 A. 657; *Zimmerman* v. *Bauer* (1894), 11 Ind. App. 607, 39 N. E. 299; 39 C. J. § 1538, p. 1330.

Judgment reversed and cause remanded with instructions to sustain motion for new trial.

NOTE.—Reported in 75 N. E. (2d) 675.