■ SALVATORE CAPSICO, Respondent, v. LAWRENCE E. BENNETT, Appellant.— Order unanimously reversed, without costs, and verdict reinstated. Memorandum: A clear issue of fact is presented as to the manner in which the accident resulting in injury to the plaintiff occurred. Defendant's credibility was for the jury to evaluate and his account of his actions would support a finding that, under all the circumstances of an emergency situation not of his own creation, he operated his vehicle with reasonable care. The jury could also have concluded that plaintiff did not exercise reasonable care for his own safety when he ventured into the street to unlock his car without making reasonable·observation of oncoming traffic. " A verdict in favor of a defendant should not be set aside as against the weight of the credible evidence unless the preponderance in favor of the plaintiff was so great that the finding in favor of the defendant could not have been reached upon any fair interpretation of the evidence" (*Olsen* v. *Chase Manhattan Bank*, 10 A D 2d 539, 544, affd. 9 N Y 2d 829; and see *Blunt* v. *Zinni*, 32 A D 2d 882, 883; *Ryder* v. *Cue Car Rental*, 32 A D 2d 143, 148). The record demonstrates no prejudicial error in the conduct of the trial that could have influenced the jury's verdict of no cause of action. (Appeal from order of Erie Trial Term setting aside verdict in automobile negligence action.) Present — Marsh, J. P., Witmer, Moule, Cardamone and Henry, JJ.

■ PATRICIA A. MILLER, Individually and as Administratrix of the Estate of STANDLEY A. MILLER, Deceased, Appellant, v. TRINDL PRODUCTS, LTD., Doing Business as FOUR-WAY WELDER Co., Respondent.— Judgment unanimously reversed on the law and the facts and a new trial granted, with costs to abide the event. Memorandum: Decedent was electrocuted while using a welder which he purchased from defendant manufacturer. The manual provided with the welder contained instructions on use but no warning of electrical danger. The proof established that decedent was working on a car which was on a bumper jack in violation of the instruction against working on items connected directly to the ground. There was also proof that decedent was lying on damp grass and not wearing a face mask or gloves, in violation of the instructions. In its main charge the court correctly instructed the jury that if it found that the welder was inherently dangerous, the defendant had a duty to give clear and explicit warning of the danger. (*McLaughlin* v. *Mine Safety Appliances Co.*, 11 N Y 2d 62.) However, the court erred when pursuant to defendant's request it charged that plaintiffs could not recover if decedent violated any instruction in the manual, and refused to charge, as requested by plaintiffs, that defendant must show that the violations of the instructions were unreasonable under the facts and circumstances present. This error in stating the law, under the proof in the case, left the jury no alternative but to return a verdict of no cause of action. (Appeal from judgment of Niagara Trial Term dismissing complaint in death action.) Present — Marsh, J. P., Witmer, Moule, Cardamone and Henry, JJ.