STEVE DUGAN, a Minor, by his Father and Next Friend, THOMAS DUGAN, Plaintiff-Appellant, *v.* SEARS, ROEBUCK & COMPANY *et al.*, Defendants-Appellees.*

First District (5th Division) No. 81—3039

Opinion filed September 9, 1983.

---

*This opinion was filed after rehearing was allowed and replaces the earlier opinion which appeared in the May 18, 1983, advance sheet at this same page.

A. Denison Weaver and Robert J. Long, both of Chicago, for appellant.

Kasdin & Nathanson, of Chicago (Peter D. Kasdin and Philip J. Nathanson, of counsel), for appellees.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, Steve Dugan, a minor, filed a strict liability action (by his father and next friend) to recover for injuries suffered when a power lawnmower manufactured and sold by the defendants, Roper Corporation and Sears, Roebuck & Company, picked up a small piece of plastic and ejected it at high velocity, blinding plaintiff's right eye.

A jury returned a verdict in favor of the defendants, and plaintiff appeals, arguing (1) the trial court erred when it permitted the defendants to present evidence that the operator of the lawnmower knew of and ignored warnings contained in the product's operation manual; (2) the verdict is against the manifest weight of the evidence; and (3) evidence of industry standards was irrelevant. Furthermore, after the supreme court filed its opinion in *Coney v. J.L.G. Industries, Inc.* (1983), 97 Ill. 2d 104, plaintiff argued for the first time that the jury should have been instructed to apply the doctrine of comparative fault "to reduce plaintiff's recovery by that amount which the trier of fact finds [the operator of the lawnmower] at fault." 97 Ill. 2d 104, 119.

We affirm. The following evidence is material to our decision.

Carol Favia testified that on May 20, 1974, she was mowing the front lawn of her home while five-year-old Steve Dugan, a neighbor, sat on the steps of her front porch. The power mower, which had been manufactured by Roper and purchased from Sears, came with an owner's manual. Favia testified she read the manual, including the following warning:

"Do not allow anyone in the area while cutting. Keep children and pets in the backyard while mowing the front yard. Keep a wary eye out for children or passersby. Stop the engine while they are in the vicinity of your mower ***. [A]lthough the area mowed should be completely cleared of all foreign objects, a small object could be accidentally thrown by the mower."

The manual further warned that "[i]t is imperative in [the mower's] use and maintenance that the operator always follow the normal precautions set forth in the Rules for Safe Operation as well as other instructions contained in the Owner's Manual in order to prevent injury or damage."

Despite having read these warnings, Favia continued to mow the lawn while plaintiff sat nearby on the porch steps. Suddenly, while she was about 10 feet from plaintiff, Favia heard a click, then "Stevie

cried out and he put his hand over his eye." She took him for first aid, and when she returned she found, on the porch steps, the piece of plastic which hit plaintiff in the eye.

At trial plaintiff asserted that the mower was unreasonably dangerous on the grounds that its design permitted it to randomly discharge foreign objects. In support of this theory plaintiff presented expert opinion evidence that alternative product designs were feasible, and were safer than the designs used by the manufacturer.

The defendants responded by presenting evidence, and arguing, that the conduct of Carol Favia constituted the sole proximate cause of plaintiff's injury. They also presented expert opinion evidence that the mower was not unreasonably dangerous.

The jury was instructed, among other things, that plaintiff had the burden of proving that an unreasonably dangerous condition in the mower was a "proximate cause" of plaintiff's injury. (See Illinois Pattern Jury Instruction (IPI), Civil, No. 400.02 (1977 Supp.).) The jury was also instructed that: "If you decide that the sole proximate cause of the injury to the plaintiff was the conduct of some person other than the defendants, then your verdict should be for the defendants." See IPI Civil No. 12.04 (2d ed. 1971).

OPINION

First we shall consider whether the trial court erred by permitting the defendants to present evidence that Carol Favia's conduct was the sole proximate cause of plaintiff's injury.

■ For an injured plaintiff "[t]o recover in strict liability, the injury must result from a condition of the product, the condition must be unreasonably dangerous and the condition must have existed at the time the product left the manufacturer's control." *Hunt v. Blasius* (1978), 74 Ill. 2d 203, 210.

■ Among the justifications for imposing liability without proof of negligence (*i.e.*, strict liability) on the manufacturers and sellers of products is that "public policy demands that the burden of accidental injuries caused by products intended for consumption be placed upon those who market them, and be treated as a cost of production against which liability insurance can be obtained ***." (Restatement (Second) of Torts sec. 402A, comment *c*, at 350 (1965).) Therefore, liability is imposed even though "the seller has exercised all possible care in the preparation and sale of his product ***." (Restatement (Second) of Torts sec. 402(A)(2)(a) (1965).) Nevertheless, strict liability is not absolute liability, and a manufacturer "is not an absolute insurer who is responsible for all physical hurts occurring in the course

of using the product." *Helene Curtis Industries, Inc. v. Pruitt* (5th Cir. 1967), 385 F.2d 841, 849, *cert. denied* (1968), 391 U.S. 913, 20 L. Ed. 2d 652, 88 S. Ct. 1806. See also *Winnett v. Winnett* (1974), 57 Ill. 2d 7, 11.

The difficulty is in where to draw the line between strict liability and absolute liability. This involves a clash between the policy which favors compensating injured consumers, and the policy against imposing on manufacturers and sellers the heavy burden of becoming absolute insurers of the safety of their products. Therefore, "[u]ntil Americans have a comprehensive scheme of social insurance, courts must resolve by a balancing process the head-on collision between the need for adequate recovery and viable enterprises." *Helene Curtis Industries, Inc. v. Pruitt* (5th Cir. 1967), 385 F.2d 841, 862, *cert. denied* (1968), 391 U.S. 913, 20 L. Ed. 2d 652, 88 S. Ct. 1806.

One of the mechanisms used to draw the line between these competing interests is the doctrine of proximate cause. As the trial court instructed the jury, "proximate cause" is a "cause which, in natural or probable sequence, produced the injury complained of." (IPI Civil, No. 400.04 (1977 Supp.).) And, as developed in negligence cases, the concept of proximate cause is used "to limit responsibility for legal or policy reasons for the consequences of negligent conduct." 1 Dooley, Modern Tort Law sec. 8.03, at 232 (Lindahl rev. 1982).

The same need to limit liability for policy reasons exists with strict liability actions, and "[i]n any product action, the product must be a proximate cause of the damages. This requisite is universally recognized, whether the theory be negligence, warranty, or strict liability in tort." 2 Dooley, Modern Tort Law sec. 32.03, at 243 (1977). See *Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 431.

In the present case the defendants argued that Carol Favia's conduct was the "sole proximate cause" of plaintiff's injuries, and that he therefore failed to meet his burden of proving that his injuries were proximately caused by defendants' product. Clearly, plaintiff would not have been injured if Favia had complied with the warnings she was admittedly aware of. Therefore, even if *a* cause-in-fact of plaintiff's injury was an unreasonably dangerous condition in defendants' product, it was relevant to consider whether Favia's conduct was a superseding cause which became the sole proximate cause of plaintiff's injury.

"A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent [tortious conduct] is a substantial factor in bringing about." (Restatement (Second) of Torts sec.

440 (1965).) "The concept is that there has intervened between the original wrong and the final injury a new and independent force. The injury is imputed to the new force and not the first and more remote cause." 1 Dooley, Modern Tort Law sec. 8.05, at 235 (Lindahl rev. 1982).

According to plaintiff, however, Favia's conduct was so foreseeable that, as a matter of law, it could not be considered a superseding cause. Thus, plaintiff concludes the trial court erred when it admitted evidence and argument concerning Favia's conduct in disregarding defendants' warnings.

■■ " '*** The intervention of independent, concurrent or intervening forces will not break the causal connection if the intervention of such independent force was itself *probable and foreseeable.*' " (Emphasis added.) (*Lewis v. Stran Steel Corp.* (1974), 57 Ill. 2d 94, 100.) "The test that should be applied in all cases in determining the question of proximate cause is whether the first wrongdoer might have reasonably anticipated the intervening cause as a *natural and probable result* of the first party's own [tortious conduct]." (Emphasis added.) *Merlo v. Public Service Co.* (1942), 381 Ill. 300, 317.

Moreover, "[t]he debatable quality of issues such as *** proximate cause, the fact that fair-minded men might reach different conclusions, emphasize the appropriateness and necessity of leaving such questions to a fact-finding body." (*Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 84.) Consequently, "[i]f different minds might reasonably draw different inferences from the facts given, then the court must defer to the judgment of the jury on the accompanying issues of foreseeability and the effect of an intervening cause." *Peck v. Ford Motor Co.* (7th Cir. 1979), 603 F.2d 1240, 1243.

Applying these principles to the present case, and assuming for the sake of argument that plaintiff's injury was caused by an unreasonably dangerous condition in defendants' product, the pertinent question is this: could reasonable people disagree about whether the intervening force (Carol Favia's conduct in knowingly disregarding defendants' warnings) was so probable, natural, and foreseeable that the defendants should remain strictly liable for the injury.

■■ There is no doubt that with any given product somebody will eventually disregard the manufacturer's warnings, thereby causing injuries. Nevertheless, as noted above, defendants in strict liability cases are not absolutely liable as insurers, and we find that reasonable people can disagree over whether Favia's conduct was so probable, natural, and foreseeable that the defendants should be held strictly liable for the alleged unreasonably dangerous condition in their prod-

uct. We therefore find that it was not against the manifest weight of the evidence for the jury to decide that Favia's conduct was a superseding cause which became the sole proximate cause of plaintiff's injuries.

 Next we note that plaintiff initially argued that the trial court erred when it admitted evidence of industry standards. After its initial brief was filed, however, the supreme court decided *Moehle v. Chrysler Motors Corp.* (1982), 93 Ill. 2d 299, and plaintiff's petition for rehearing concedes that, in light of the supreme court's decision, the trial court did not err when it ruled such evidence admissible.

 Finally, plaintiff's petition for rehearing argues (for the first time) that the jury should have been instructed to apply the doctrine of comparative fault. Under the supreme court's decision in *Coney v. J.L.G. Industries, Inc.* (1983), 97 Ill. 2d 104, 118, "the defense of comparative fault is applicable to strict liability cases" and "the total damages for plaintiff's injuries [should] be apportioned on the basis of the relative degree to which the defective product and the plaintiff's conduct proximately caused them." However, this apportionment of damages only applies "[o]nce defendant's liability is established ***" (97 Ill. 2d 104, 119), and the supreme court did not abolish the requirement that a plaintiff who seeks recovery under a strict liability theory must prove that his injury was proximately caused by an unreasonably dangerous condition in the defendant's product.

The jury in the present case found that the defendants were not strictly liable for plaintiff's injury, and, as we held above, it was not manifestly erroneous to find that a third party was the sole proximate cause of plaintiff's injury. Comparative fault, and its apportionment of damages, does not apply to defendants who have been found not liable to the plaintiff, and the *Coney* case is of no help to plaintiff.

Based on all the reasons given above, the judgment of the circuit court is affirmed.

Affirmed.

WILSON, P.J., and MEJDA, J., concur.