Sue A. CONWAY, Defendant–Appellant,

v.

Dennis D. EVANS and Diana L. Evans, Plaintiffs–Appellees.

No. 14A01–8903–CV–107.

Court of Appeals of Indiana, First District.

Feb. 15, 1990.

---

BAKER, Judge.

## STATEMENT OF THE CASE

Defendant-appellant, Sue A. Conway (Conway), appeals a negative judgment in favor of plaintiff-appellees, Dennis D. Evans (Evans) and his wife, Diana L. Evans.

## STATEMENT OF THE FACTS

On February 23, 1983, Evans was operating a Honda three-wheeler in a northerly direction on County Road 175 West (county road) near the Graham Farms Shop (the Shop). On that same date, Conway was leaving the Shop in her 1982 Dodge automobile when she pulled out of the Shop's driveway and turned left (south) onto the county road. In making the turn, Conway collided with Evans.[1] As a result of the accident, Evans suffered injuries. Subsequently, Evans and his wife[2] brought this negligence action against Conway.[3]

## ISSUES

Conway presents the following issues for our review:

I. Whether the trial court erred in excluding from evidence an owner's manual for a Honda three-wheeler.

II. Whether the trial court erred in refusing to tender certain jury instructions.

## DISCUSSION AND DECISION

### I.

Prior to trial, Evans filed a motion in limine seeking to prohibit Conway from introducing into evidence "documents, references, exhibits, or testimony concerning the owner's manual or any other manufacturer's information or instructions concerning or relative to the Honda three-wheeler vehicle driven by plaintiff, Dennis D. Evans, on the date of the collision in question." *Record* at 19–20. Evans claimed

Blake Chambers, Fitzpatrick, Chambers, Waller Leonard & Hanson, Washington, for defendant-appellant.

James F. Havill, Washington, for plaintiffs-appellees.

1. We note that the collision occurred prior to the adoption of the Comparative Fault Statute. Therefore, the issues were submitted to the jury under the common law theory of negligence.

2. Count IV of the complaint involved Diana L. Evans's claim against Conway for loss of consortium.

3. Originally, Conway's husband, John Conway, was also named as a defendant. However, the plaintiffs dismissed him from the litigation prior to the commencement of trial.

that any such evidence would be irrelevant and highly prejudicial. Specifically, Evans claimed the manual made reference to certain standards that were irrelevant to the issues involved in his case. Conway, on the other hand, claimed the manual was relevant in determining the standard of care owed by Evans. The trial court granted Evans's motion.

■ Generally, when a motion in limine is granted, the non-moving party must make an offer to prove at trial to preserve any possible error for appellate review. *State v. Church of Nazarene of Logansport* (1978), 268 Ind. 523, 532, 377 N.E.2d 607, 612. At trial, Conway made the required offer to prove and the court refused to admit the owner's manual. Conway claims this ruling was in error.

Evidence is relevant and thus admissible if it tends to prove or disprove a material fact. *United Farm Bureau Mut. Ins. Co. v. Cook* (1984), Ind.App., 463 N.E.2d 522, 528. The admission or exclusion of evidence is a matter within the discretion of the trial court. *Clouse v. Fielder* (1982), Ind.App., 431 N.E.2d 148, 155. We will reverse the trial court only where the court abused its discretion. *Rust v. Guinn* (1981), Ind.App., 429 N.E.2d 299, 305, *trans. denied.* On appeal, the appellant has the burden of showing that the trial court's ruling excluding the evidence was clearly erroneous and prejudicial. *Beta Alpha Shelter of Delta Tau Delta v. Strain* (1983), Ind.App., 446 N.E.2d 626, 629.

■ In the present case, Conway offered the Honda owner's manual, claiming that it tended to prove a material issue in the case. Conway claimed that Evans was contributorily negligent in operating the three-wheel vehicle because he disregarded the manual's warning that the vehicle was for off-road use only. Conway cites *Lindsey v. Schick, Inc.* (1984), 125 Ill.App.3d 81, 80 Ill.Dec. 523, 465 N.E.2d 635; *Dugan v. Sears, Roebuck and Co.* (1983), 113 Ill. App.3d 740, 69 Ill.Dec. 620, 447 N.E.2d 1055; *McCormack v. Hankscraft Co.* (1967), 278 Minn. 322, 154 N.W.2d 488; and *Miller v. Tridl Products, Ltd.* (1972), 38 A.D.2d 787, 328 N.Y.S.2d 12, to demonstrate the admissibility of an owner's manual. However, Conway acknowledges that these cases involved products liability actions. Clearly, an owner's manual is relevant and thus admissible in a products liability case. We fail to see the precedential value in the above cited cases.

In a negligence action, the determination of the appropriate standard of care is a question of law. *Orth v. Smedley* (1978), 177 Ind.App. 90, 95, 378 N.E.2d 20, 23. As a general rule, a person is held to that degree of care which an ordinarily prudent person would exercise under the same or similar circumstances. *Miller v. Griesel* (1974), 261 Ind. 604, 611–12, 308 N.E.2d 701, 706. This is the appropriate standard in the present case. Honda cannot impose a standard of care by providing an owner's manual to those who buy Honda products. Thus, the owner's manual is irrelevant in determining the standard of care owed by Evans to Conway. As a result, the trial court properly excluded the manual.

## II.

Conway claims the trial court erred in refusing to give her Instruction No. 8 which included recitation of IND.CODE 14–1–3–2(a). IND.CODE 14–1–3–2(a) reads: "Except as otherwise provided, no off-road vehicle shall be operated on public property unless registered." Conway contends that Evans violated the above statute by operating his Honda three-wheeler on public property without having it registered. Further, Conway asserts that the alleged violation substantiates her claim that Evans was contributorily negligent.

■ In considering whether any error results from refusal of an instruction, we consider: (1) whether the tendered instruction correctly states the law, (2) whether the record contains evidence to support giving the instruction, and (3) whether the substance is covered by other instructions which are given. *K–Mart Corp. v. Brzezinski* (1989), Ind.App., 540 N.E.2d 1276, 1281. On appeal, we will affirm a trial court's decision to refuse an instruction if it is sustainable on any theory. *Thorton v.*

*Pender* (1978), 268 Ind. 540, 550, 377 N.E.2d 613, 620.

While we agree with the trial court's refusal to give Conway's Instruction No. 8, we disagree with its reasons for doing so. The trial court refused to give the instruction because it found the Honda three-wheeler was excluded from the definition of "off-road vehicle."

■ The term "off-road vehicle" is defined by IND.CODE 14–1–3–1(f) as follows:

> Off-road vehicle means a motor driven vehicle capable of cross county travel, without benefit of a road or trail, on or immediately over land, water, snow, ice, marsh, swampland or other natural terrain. It includes, but is not limited to, a multi-wheel drive or low pressure tire vehicle, amphibious machine, ground effect air cushion vehicle or other means of transportation driving motive power from a source other than muscle or wind. It does not include a farm vehicle being used for farming, a vehicle used for military or law enforcement purposes, a construction, mining, or other industrial related vehicle used in performance of its common function, a snowmobile, or a registered aircraft and does not include for registration any other vehicle properly registered by the Bureau of Motor Vehicles, and any water craft which is registered pursuant to Indiana statutes.

The evidence revealed that the Honda three-wheeler was a low pressure tire vehicle. The trial court, however, determined that the three-wheeler was a farm vehicle being used for farming and as such was excluded from the definition of off-road vehicle. We disagree. The term "farm" is a limiting modifier of the term "vehicle" in the statute. If we were to adopt the trial court's interpretation of the statute, any vehicle used for farming purposes would be excluded from the off-road vehicle definition. Thus, we refuse to find the three-wheeler to be a farm vehicle.

■ Although Conway claims Evans's violation of the registration statute, IND. CODE 14–1–3–2, establishes his contributory negligence, the case law is to the contrary. We note that the violation of a statute raises no liability for injury to another unless the injury was in some manner the result of such violation. *Hinkley v. Montgomery Ward, Inc.* (1986), Ind. App., 497 N.E.2d 255, 257, *trans. denied;* *B.A. Kipp Co. v. Waldon* (1947), 117 Ind. App. 694, 697, 75 N.E.2d 675, 676.

In *Hinkley*, a 16–year–old boy was operating a truck in violation of a statute requiring drivers of such trucks to possess a chauffeur's license. An accident occurred and the boy's family and his passengers brought suit against Montgomery Ward, alleging it had recently installed a defective tire on the truck. At trial, Montgomery Ward tendered, and the trial court gave, an instruction outlining when a chauffeur's license was required. Montgomery Ward, however, presented no evidence indicating a causal connection between the injuries and the failure to have a chauffeur's license. As a result, this court held the boy's failure to have a chauffeur's license was immaterial and the trial court erred in instructing the jury on a statute not pertinent to the issues.

Although the facts in the present case differ from those in *Hinkley*, the application of the law is the same. Conway has failed to demonstrate a causal connection between Evans's injuries and his failure to register the three-wheeler. Thus, any possible violation of the registration statute is irrelevant. Therefore, the trial court properly refused the instruction.

■ Conway also contends that the trial court erred in modifying Instruction No. 5 which provided:

> The operator of a motor vehicle on a preferential highway has a duty to maintain a lookout while traveling on that highway. This duty to maintain a lookout includes the duty to look at more than the traveled portion of the highway, e.g., travelers along the side of the highway and vehicles approaching the highway from another intersecting roadway.

*Supplemental Record* at 5. The trial court modified the instruction by deleting the second sentence and replacing it with the following language:

A proper lookout has been defined to mean the duty to see that which is clearly visible or which in the exercise of due care would be visible.

*Id.*

Initially, we note that the record lacks evidence to support giving the instruction as tendered by Conway. Conway's tendered instruction contained references to "travelers along the side of the highway" and "vehicles approaching the highway from another intersecting roadway." The record reveals no evidence of "travelers along the side of the highway" or "vehicles approaching from another intersecting *roadway.*" Moreover, the instruction as modified sufficiently covered what is meant by a "proper lookout." The modified instruction quoted language from the Indiana Supreme Court defining "a proper lookout." *See Thorton v. Pender* (1978), 268 Ind. 540, 544, 377 N.E.2d 613, 617. The trial court properly modified Conway's Instruction No. 5.

 Finally, Conway claims the trial court erred in refusing her Instruction No. 6. Conway's Instruction No. 6 provided:

If you find from a preponderance of the evidence that on the day of the accident the defendant stopped and yielded the right-of-way, and entered County Road 175 West with caution, then after so yielding and having proceeded with caution on to County Road 175 West, the burden fell upon the plaintiff to yield the right-of-way to defendant and for him to proceed with caution and use due care for her safety and avoid colliding with her.

*Supplemental Record* at 6.

Instructions must be considered as a whole and with reference to each other. *Whisman v. Fawcett* (1984), Ind., 470 N.E.2d 73, 81. A court does not err when it refuses to give a tendered instruction substantially covered by other instructions. *Thorton, supra.* Here, Conway's Instruction No. 6 was nothing more than an additional instruction on the standard of care owed by Evans to Conway. The standard of care was sufficiently set out in other instructions. Thus, the trial court properly refused Instruction No. 6.

Judgment affirmed.

RATLIFF, C.J., and MILLER, J., concur.