Ronald BONNES and Christine Bonnes, Appellants–Plaintiffs below,

v.

R.P. FELDNER, M.D. and John U. Lanman, M.D., Appellees–Defendants below.

No. 64S03–9411–CV–1050.

Supreme Court of Indiana.

Nov. 4, 1994.

Roger A. Weitgenant and Glenn J. Tabor, Blachy, Tabor, Bozik & Link, Valparaiso, for appellants Ronald Bonnes and Christine Bonnes.

David C. Jensen and John M. McCrum, Eichhorn, Eichhorn & Link, Hammond, for appellees R.P. Feldner, M.D. and John U. Lanman, M.D.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

In this medical malpractice case, the trial court entered judgment on the evidence in favor of R.P. Feldner, M.D. (defendant). Ronald and Christine Bonnes (plaintiffs) appealed the trial court's judgment, but the Court of Appeals affirmed. *Bonnes v. Feldner* (1993), Ind.App., 622 N.E.2d 197. Ind.Appellate Rule 11(B). We believe that plaintiffs' case should have been submitted to the jury and so reverse the trial court.

### Facts

Plaintiff, Ronald Bonnes, was a regular patient of defendant Dr. Feldner, a family practitioner. There was a history of heart disease in Ronald's family: his father died of coronary artery disease at age 38. In October, 1985, Ronald complained of chest pains to defendant. From October, 1985, to February, 1986, Ronald saw defendant for an evaluation of his condition. Defendant told Ronald he was working too hard. In February, 1986, defendant referred Ronald to Dr. John Lanman, a specialist in internal medicine, for a cardiac stress test. Dr. Lanman interpreted the stress test results as normal except for Ronald's chest pain. Defendant and Dr. Lanman both told the plaintiffs that Ronald's stress test was normal. Defendant had no further contact with the plaintiffs.

Several months later, Ronald sought the services of Dr. Arvind Gandhi, a cardiologist. After an evaluation, Gandhi concluded that Ronald's chest pain was atypical because it was produced without exertion, and shortness of breadth occurred at periods of rest. Dr. Gandhi prescribed no medication and suggested no additional tests, but advised Ronald to return for a subsequent visit. At a second visit, Dr. Gandhi advised Ronald that

if the chest pain recurred, a cardiac catheterization might be performed, but that such procedure was not necessary at that time.

In the fall of 1986, Ronald sought another opinion from Dr. Arrotti, a cardiologist, who performed a coronary angiogram which revealed coronary artery disease. Dr. Arrotti attempted an angioplasty to eliminate the blockage. Ronald sustained a heart attack during the procedure. Ronald ultimately underwent successful coronary artery bypass surgery.

■ The plaintiffs pursued a medical malpractice action against defendant and proceeded through the medical review panel process pursuant to Indiana Code § 16–9.5–9 (West 1992) (currently codified as Indiana Code § 27–12–10–1 (1993)). The panel has the sole duty to express its expert opinion or opinions as to whether or not the evidence supports the conclusion that the defendant acted or failed to act within the appropriate standard of care as charged in the complaint. Ind.Code Ann § 16–9.5–9–7 (West 1992) (currently codified as Ind.Code § 27–12–10–22 (1993)). Two of the physicians on the three member panel concluded that defendant had met the standard care. One member of the panel, Dr. Hector Marchand, disagreed. His panel opinion (the "Marchand Opinion") stated: "The evidence supports the conclusion that the defendant, Ronald P. Feldner, M.D., failed to comply with the appropriate standard of care as charged in the complaint."

The plaintiffs filed their complaint alleging that defendant failed properly to diagnose and treat the cardiovascular disease. Christine Bonnes sought recovery for loss of consortium. The case was tried before a jury. Plaintiffs called as witnesses two cardiologists, Dr. John Arrotti and Dr. Jack Zielger. Over defendant's objection, plaintiff also introduced into evidence the Marchand Opinion. At the close of the plaintiffs' case, the trial court granted defendant's motion for judgment on the evidence. *See* Ind.Trial Rule 50(A).

The plaintiffs appealed. The Court of Appeals affirmed the trial court, concluding that the plaintiffs had "failed to present sufficient evidence of a *prima facie* case of medical malpractice as to Dr. Feldner." *Bonnes*, 622 N.E.2d at 201. The court reasoned that the expert testimony of Dr. Arrotti and Dr. Zielger did not meet plaintiff's burden of proof as to (1) the applicable standard of care and (2) how defendant's treatment fell below that standard. *Id.* The Court of Appeals also concluded that it would have been improper for the trial court to consider the Marchand Opinion in ruling on the motion for judgment on the evidence because the plaintiffs did not offer into evidence a properly authenticated certified copy. *Id.*

In their petition to transfer, the plaintiffs contend that the Court of Appeals erroneously affirmed the trial court because the testimony of Dr. Arrotti and Dr. Zielger presented sufficient evidence to make a prima facie showing of the proper standard of care and that defendant breached that standard. Alternatively, plaintiffs argue, Dr. Marchand's conclusion that defendant failed to comply with the appropriate standard of care was sufficient evidence to make judgment on the evidence inappropriate. Plaintiffs also contend that the Court of Appeals erred in concluding that the Marchand Opinion was improperly admitted into evidence.

*Admissibility of Marchand Opinion*

■ At trial, plaintiffs attempted to introduce into evidence the Marchand Opinion. Defendant objected on grounds that the opinion was not certified by the Department of Insurance and was, therefore, inadmissible hearsay. It is true that the uncertified copy of the Marchand Opinion was not properly authenticated and so lacked the foundation sufficient to justify its admission under Indiana Code Annotated § 16–9.5–9–9 (West 1992) (currently codified as Indiana Code § 27–12–10–23 (1993)), which makes reports of the opinion of a medical review panel admissible. This foundational requirement ensures that the document is what it is purported to be and that it is an accurate copy.

■ In this case, the fact that the uncertified Marchand Opinion was admitted into evidence over the defendant's objection was harmless error. An error is harmless if it does not affect the substantial rights of the parties. Ind.Trial Rule 61. The defendant

had a substantial right in ensuring that evidence submitted by his opponents was both what it purported to be and was accurate. However, in this case, the uncertified copy of the Marchand Opinion submitted by plaintiffs at trial was identical to the properly certified copy of the Marchand Opinion submitted to the trial court by a co-defendant as part of his motion for summary judgment. Therefore, because there was an authenticated copy of the Marchand Opinion already in the record, and because the uncertified copy was identical to the certified copy, it was in this case harmless error for the trial court to admit the uncertified copy of the Marchand Opinion over defendant's objection.

### Effect of Marchand Opinion

■ This case was resolved below by judgment on the evidence. In reviewing a trial court's grant of judgment on the evidence, an appellate court considers only the evidence and reasonable inferences to be drawn from that evidence that are most favorable to the non-moving party. *Clark v. Wiegand* (1993), Ind., 617 N.E.2d 916, 918. Judgment on the evidence is proper if there is insufficient proof on at least one essential element of a plaintiff's case. Ind.Trial Rule 50(A); *Palace Bar, Inc. v. Fearnot* (1978), 269 Ind. 405, 409, 381 N.E.2d 858, 861. Judgment on the evidence is improper, however, when the evidence, together with the reasonable inferences to be drawn therefrom, would allow reasonable people to come to differing conclusions. *Clark*, 617 N.E.2d at 918.

■ In a medical malpractice action alleging negligence, the plaintiff must establish "(1) a duty on the part of the defendant in relation to the plaintiff; (2) failure on the part of defendant to conform its conduct to the requisite standard of care required by the relationship; and (3) an injury to the plaintiff resulting from that failure." *Burke v. Capello* (1988), Ind., 520 N.E.2d 439, 441 (quoting *Miller v. Griesel* (1974), 261 Ind.

604, 611, 308 N.E.2d 701, 706, *reh'g denied* ).[1] At issue in this appeal is the second of these factors: whether defendant breached his duty to the plaintiff by failing to conform his conduct to the standard of care required by the relationship. Specifically, plaintiffs ask us to conclude that the opinion of one member of the medical review panel that the defendant failed to comply with the standard of care was sufficient to satisfy their burden of proof with respect to the issue of breach of duty in the context of a motion for judgment on the evidence. If the Marchand Opinion was probative evidence that would allow reasonable minds to differ about whether defendant failed to comply with the appropriate standard of care, judgment on the evidence was improper. *Clark*, 617 N.E.2d at 918.

We conclude that the Marchand Opinion was evidence sufficiently probative of breach of duty to withstand a motion for judgment on the evidence. Each party to this action selected a physician to serve on the medical review panel, and these two physicians chose the third physician panelist. Ind.Code Ann. § 16–9.5–9–3 (West 1992) (currently codified as Ind.Code § 27–12–10–12 (1993)). All physician panelists must be licensed to practice in this state. *Id.* The parties submit to the panel all evidence and authorities they wish to have reviewed. Ind.Code Ann. § 16–9.5–9–4 (West 1992) (currently codified as Ind. Code § 27–12–10–17 (1993)). The panel had a duty to request all necessary information, to consult with medical authorities, and to examine reports of other health care providers so as to fully inform itself regarding the issue to be decided. Ind.Code Ann. § 16–9.5–9–6 (West 1992) (currently codified as Ind.Code § 27–12–10–21 (1993)). The purpose of the medical review panel is to conduct a rational inquiry into the extent and source of the patient's injuries for the purpose of forming its expert opinion on the issues to be decided. *Kranda v. Houser–Norborg Medical Corp.* (1981), Ind.App., 419 N.E.2d 1024, 1033, *reh'g denied*, 424 N.E.2d

---

1. As the cases also make clear, an essential part of a plaintiff's case is establishing the requisite standard of care to which the medical care provider allegedly failed to conform. *E.g., Stumph v. Foster* (1988), Ind.App., 524 N.E.2d 812, 814, *reh'g denied* ("Indiana courts have held that ordinarily the standard of care ... required of a doctor may not be resolved without resort to expert testimony. Expert opinion is indispensible to an evaluation of a particular defendant's conduct within the framework of the duty imposed by law.").

1064, *trans. denied, appeal dismissed,* 459 U.S. 802, 103 S.Ct. 23, 74 L.Ed.2d 39 (1982). Although not conclusive, the expert opinion or opinions of the medical review panel are admissible as evidence. Ind.Code Ann. § 16–9.5–9–9 (West 1992) (currently codified as Ind.Code § 27–12–10–23 (1993)); *Winbush v. Memorial Health System, Inc.* (1991), Ind., 581 N.E.2d 1239, 1243.

■ Because of the nature of the review process described in the preceding paragraph, we think the opinions of individual members of a medical review panel are imbued with sufficient probative value to permit the party favored by such an opinion to withstand a motion for judgment on the evidence. Indeed, in *Oelling v. Rao* (1992), Ind., 593 N.E.2d 189, a majority of this Court decided that a medical review panel opinion alone was sufficient to satisfy defendants' burden of showing no breach of duty for the purpose of obtaining summary judgment. Similarly, we hold today that the Marchand Opinion alone is sufficient to satisfy plaintiffs' burden of showing breach of duty for the purpose of avoiding judgment on the evidence. The inescapable conclusion to be drawn from the majority opinion in *Oelling* is that although the medical review panel opinions only express whether the evidence supports the conclusion that a medical care provider did or did not comply with the required standard of care, Ind.Code § 16–9.5–9–7, it is to be assumed that each member of the panel both correctly identified the appropriate standard of care and then applied the facts to that standard of care. We see no reason not to make the same assumption when the procedural context is a motion for judgment on the evidence. Therefore, with the Marchand Opinion in evidence, judgment on the evidence in this case was improper. The issue of breach of duty should have been presented to the jury.

### Conclusion

Accordingly, we now grant transfer, vacate the opinion of the Court of Appeals, reverse the trial court's grant of judgment on the evidence in favor of defendant, and remand for a new trial.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.