*844 RUCKER, Justice,
concurring in result in part and dissenting in part.
I respectfully dissent to Section I of the majority opinion. The majority affirms, the trial court’s grant of Old National’s motion for judgment on the evidence. But with respect to actual fraud and tortious interference with contract it does so on grounds the trial court did not reach, and more importantly conflicting inferences from the evidence before the jury precludes judgment on the evidence for these two claims.
This case proceeded to trial on four theories: negligence, constructive fraud, actual fraud, and tortious interference with contract. After the close of plaintiffs case-in-chief, Old National filed a Motion for Judgment on the Evidence. Appellant’s App. at 159. Although the Motion itself is not included in the record before us, arguing in favor of the Motion, Old National noted plaintiffs various claims and contended “there’s a complete absence of proof on a required element to establish plaintiffs claim.” Appellant’s App. at 159. After entertaining arguments of counsel, the trial court granted Old National’s Motion on all claims on the sole ground that “the bank had no duty to [Purcell].” Appellant’s App. at 168.
On review the Court of Appeals agreed with the trial court that Old National owed no duty to Purcell because, according to the court, Purcell was merely a subordinate creditor to Old National. See Purcell v. Old Nat’l Bank, 958 N.E.2d 527, 531 (Ind.Ct.App.2011). However the court correctly pointed out that the question of duty was relevant only in the context of Purcell’s negligence and constructive fraud claims. And since there was no duty both claims fail. See id. at 531 n. 1. The majority apparently endorses this aspect of the Court of Appeals opinion. Op. at 842-43. However, the majority proceeds to address an issue the trial court did not decide, namely: whether there was sufficient evidence to support Purcell’s two remaining claims.
I agree with the majority that in reviewing a challenge to a ruling on a motion for judgment on the evidence our standard of review is the same as it is for the trial court. N. Ind. Pub. Serv. Co. v. Sharp, 790 N.E.2d 462, 466-67 (Ind.2003). Judgment on the evidence is proper only “[w]here all or some of the issues ... are not supported by sufficient evidence.” Ind. Trial Rule 50(A). Here the majority goes to some length explaining the “means by which a trial court may determine whether evidence is ‘sufficient’ to survive a motion for a judgment on the evidence.” Op. at 840. The problem however is that in this case the trial court made no such determination.
It is true that in certain contexts an appellate court may affirm a trial court’s judgment on theories other than those adopted by the trial court. See, e.g., Coleman v. State, 946 N.E.2d 1160, 1168 (Ind.2011) (admission of evidence); Estate of Mintz v. Conn. Gen. Life Ins. Co., 905 N.E.2d 994, 999 (Ind.2009) (grant of summary judgment); Kimberlin v. DeLong, 637 N.E.2d 121, 128 (Ind.1994) (amendment of pleadings); Runde v. Vigus Realty, Inc., 617 N.E.2d 572, 575 (Ind.Ct.App.1993) (dismissal of complaint); Conway v. Evans, 549 N.E.2d 1092, 1094-95 (Ind.Ct.App.1990) (refusal to instruct jury). And of course “where a trial court has made special findings pursuant to a party’s request under Trial Rule 52(A), the reviewing court may affirm the judgment on any legal theory supported by the findings.” Mitchell v. Mitchell, 695 N.E.2d 920, 923 (Ind.1998). But neither of the foregoing circumstances is present here. Thus, it appears to me that a review of the trial court’s grant of a motion for judgment on *845 the evidence should be confined to the law applied by the trial court, and this Court should evaluate only the merits of claims reached by the trial court. See State v. Econ. Freedom Fund, 959 N.E.2d 794, 801 (Ind.2011) (declining to affirm trial court judgment on alternate theory). Because lack of duty — the only ground on which the trial court relied in granting Old National’s motion for judgment on the evidence — has no bearing on Purcell’s actual fraud and tortious interference claims, I would reverse the trial court’s judgment with respect to these claims and remand for consideration by a jury.
Further, I disagree with the majority’s conclusion that the record before us supports the grant of a motion for judgment on the evidence with respect to Purcell’s actual fraud and tortious interference claims. To sustain a judgment for defendant on the evidence, the evidence must be without conflict and susceptible to but one inference in favor of the moving party; if there is any inference or legitimate inference therefrom tending to support at least one of plaintiffs allegations, a directed verdict should not be entered. See Bonnes v. Feldner, 642 N.E.2d 217, 220 (Ind.1994). Stated slightly differently, “If there is any probative evidence or reasonable inference to be drawn therefrom or if there is evidence which would allow reasonable people to differ as to the result, judgment on the evidence is improper.” Wellington Green Homeowners’ Ass’n v. Parsons, 768 N.E.2d 923, 925-26 (Ind.Ct.App.2002). Based on the conflicting evidence before the jury in this case, reasonable people could (and in fact do) differ as to whether Old National or its agent Howarth induced Stein to include the false income figure on the April 2008 balance sheet. As the Court of Appeals observed:
[Tjhere are questions of fact whether [Old National] intentionally induced MWF to breach the contract with Purcell by falsifying accounting figures in order to prevent Purcell from redeeming his interest in MWF, and whether [Old National] had a justification for its alleged actions. Because there was evidence [Old Nationals representative Howarth told Stein to falsify the accounting figures for April 2003, judgment on the evidence was improper.
Purcell, 953 N.E.2d at 532. I agree. The evidence in favor of Purcell’s claims is not overwhelming. But there are competing inferences to be drawn from the evidence properly presented to the jury. And it is certainly enough to withstand a motion for judgment on the evidence. On the question of actual fraud and tortious interference with contract this case should be remanded for trial. I therefore dissent to Section I of the majority opinion. With respect to Sections II and III, I concur in result.
DICKSON, C.J., concurs.